### CUOMO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   February 15, 1916.)

No. 176.

1. RECEIVING STOLEN GOODS ☞9(1)—QUESTIONS FOR JURY.

On a trial for receiving and having possession of stolen goods in violation of Act Cong. Feb. 13, 1913, c. 50, 37 Stat. 670 (Comp. St. 1913, §§ 8603, 8604), relative to the larceny of goods in interstate commerce, defendant's guilt *held* a question for the jury.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 19; Dec. Dig. ☞9(1).]

2. CRIMINAL LAW ☞1159(4)—APPEAL—REVIEW—CREDIBILITY OF WITNESSES.

That the jury believed the testimony of the government's witnesses rather than that told by defendant is a result which an appellate court will not disturb.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3077; Dec. Dig. ☞1159(4).]

3. WITNESSES ☞393(4)—IMPEACHMENT—ADMISSIBILITY OF EVIDENCE.

It was not error to exclude a deposition of a witness for the government at variance in some respects with the witness' testimony, where defendant's counsel had cross-examined the witness as to the questions and answers contained in the deposition and admitted, in offering the deposition in evidence, that he had cross-examined the witness regarding everything material.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1255; Dec. Dig. ☞393(4).]

4. RECEIVING STOLEN GOODS ☞8(2)—ADMISSIBILITY OF EVIDENCE.

On a trial for receiving stolen goods, after a police officer had testified that he saw a person pushing a case in the door of defendant's store, and that, after watching a while for him to come out, he entered the store, he was asked what reason he had for watching the place, whether he had orders to watch it, and whether he knew what kind of a place it was, and testified that he was directed by the captain to watch such place, and that he saw women go in there and disappear, and that that was what he was going in there to prevent. On defendant's motion this last statement was stricken out, and the court told the jury to disregard everything that was stricken from the evidence. When the witness was first asked what reason he had for watching the place, defendant objected "to

this line of questioning." *Held*, that evidence that the officer was there in the discharge of his duty, and not by chance, was proper evidence.

[Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 15; Dec. Dig. ☞8(2).]

5. CRIMINAL LAW ☞1169(5)—APPEAL—HARMLESS ERROR.

As it was the answers of the witness rather than the questions which were objectionable, and as the court struck out the statements volunteered by the witness, and instructed the jury to disregard them, there was no reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3141; Dec. Dig. ☞1169(5).]

In Error to the District Court of the United States for the Eastern District of New York.

Andrea Cuomo was convicted of receiving and having in his possession stolen goods, in violation of Act Feb. 13, 1913, c. 50, 37 Stat. 670 (Comp. St. 1913, §§ 8603, 8604), and the cause comes here upon writ of error to review the judgment. Affirmed.

George W. Martin, of Brooklyn, N. Y., and S. H. Kesselman, for plaintiff in error.

Melville J. France, U. S. Atty., of Brooklyn, N. Y.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. [1, 2] It is contended that the court at the close of the testimony should have directed a verdict of acquittal, but we are satisfied that upon the testimony it would have been error so to do; the question of guilt or innocence was fairly for the jury. The principal witness for the government was the truck driver who stole the goods. He testified to a former conversation with defendant in which, as witness stated, defendant said to him:

"Any time you get anything that you can bring here, anything at all, I will buy anything that you bring, anything from a needle to an anchor."

Also that defendant, when witness arrived with the stolen package, helped to carry it in and said:

"Have to do this quick; my place is watched; you have to get out the back way;" also, "I know all about it; your brother telephoned; thirty dollars."

The jury were fully and correctly instructed as to the careful scrutiny which should be given to the testimony of such a witness, also as to the presumption of innocence to which defendant was entitled and as to reasonable doubt. That they believed the story told by the government's witnesses rather than that told by the defendant is a result which an appellate court will not disturb.

[3] Error is assigned to the exclusion of a deposition which defendant offered in evidence. The truckman, Mathan, who stole the package and brought it to defendant had given testimony upon an examination by the United States commissioner. This testimony was reduced to writing and constituted the deposition referred to; it contained statements differing in some respects from the statements made by the same witness in court. Upon cross-examination of Mathan, defendant's counsel called his attention to some of the questions and answers found

in the record of his prior examination and the witness admitted that such questions had been asked and such answers given. Subsequently, after several of defendant's witnesses had been examined, his counsel offered the entire deposition of Mathan in evidence. The following colloquy ensued:

"The Court: Presumably you have cross-examined him on everything that you regarded as at variance with the testimony.

"Mr. Russell: I did, sir.

"The Court: I do not see any use of putting it in evidence."

Thereupon counsel to the government objected to "having the jury confused with a lot of extra testimony." The objection was sustained and exception reserved. We find no error in this ruling; defendant had full opportunity to use so much of the testimony as was material and admitted that he had used all that was material.

[4, 5] A further exception, which is here relied upon will be found in the following excerpt from the record. The witness on the stand was a police officer, who had been examined on direct and cross, and had testified that he was at a nearby corner, that he saw Mathan pushing the case in the door; that after watching a while for him to come out he entered the store. Upon redirect he testified that there was a rear door leading into the yard. Then ensued:

"Q. What reason had you for watching this place? A. I was ordered by the captain to inspect that place every hour. He said it was a fence. He had been arrested for maintaining and keeping a disorderly house—

"Mr. Russell: I object to this line of questioning.

"The Court: I will take it until the district attorney is through with it. I will overrule your objection now. I don't know what the question is.

"Mr. Russell: Exception.

"Q. Why were you watching this place, Officer? A. The captain told me to watch it.

"Mr. Russell: I object to what the captain told him; that is what I objected to before.

"Q. Did you receive orders to watch this place? A. I did. To inspect it every hour; to walk through there. This fellow was arrested for keeping and maintaining—

"The Court: Never mind that.

"Q. Do you know what kind of a place, other than a macaroni place, it is? A. I know.

"The Court: You are testifying to what you know yourself, Officer?

"The Witness: Well, I saw women going in there, and disappear in there; that is what I was going in there to prevent.

"Mr. Russell: I object to that and move to strike it out as not responsive to this question and not binding on this defendant.

"The Court: Go on; strike it out.

"Mr. Russell: Will your honor instruct the jury to disregard that statement of the witness?

"The Court: Yes; disregard everything that is stricken from the evidence."

It will be seen that the objection was "to this line of questioning"; what was objectionable, however, was not so much the question as the answers. That the officer was there in the discharge of his duty, and not by chance, was proper evidence enough; but, as often happens with a too willing witness, he volunteered statements which were not admissible. We think that, since the court struck out the testimony and instructed the jury to disregard it, there is no reversible error.

The judgment is affirmed.