[No. 3318. Oct. 8, 1929.]

[Rehearing Denied Jan. 22, 1930.]

STATE v. TINSLEY.

[283 Pac. 907.]

J. F. McKenzie and Wade & Wade, all of El Paso, Tex., for appellant.

R. C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J. Appellant was convicted under an indictment charging him with operating an automobile within the corporate limits of the town of Las Cruces, in violation of section 26, c. 150, Laws of 1919, which is as follows:

"Any person who shall, while in an intoxicated condition, operate or attempt to operate a motor vehicle upon any public highway or within any incorporated city, town or village within this state, shall, upon conviction, be subject to imprisonment for a period of not less than thirty days or more than one year and a fine of not less than one hundred dollars or more than one thousand dollars.

"Any person who knowingly and wilfully accompanies an intoxicated person who is operating a motor vehicle shall, upon conviction, be subject to the same penalties as provided for the punishment of the driver thereof."

The sentence was five months in the county jail and a fine of $350 and costs, suspended upon condition that appellant pay the fine and costs, refrain from becoming intoxicated, observe the law, and conduct himself in an orderly and peaceful manner.

 Appellant points out that section 26 fails to classify the offense as felony or misdemeanor, and fails to prescribe whether the imprisonment shall be in the county jail or the penitentiary. Upon these omissions, common in criminal statutes in this state, appellant contends either that the section is void for uncertainty or that it must be construed, favorably to appellant, as defining merely a misdemeanor.

 In connection with section 26, two other statutes are to be considered: Code 1915, § 5062, provides:

"* * * All persons convicted of any crime, where the punishment is for a term or time exceeding six months, shall be imprisoned in the penitentiary, and all courts in which such conviction shall be had, shall give judgment accordingly. * * *"

Code, 1915, § 1452, provides:

"A felony is a public offense * * * which is, or, in the discretion of the court, may be punishable by imprisonment in the penitentiary. * * *"

It would seem that the former of these statutes remedies the omission of the Legislature to prescribe the place of imprisonment, and that the latter remedies the omission to classify the offense. Two views might be taken as to the meaning of section 1452 in its bearing upon a statute like section 26. It might be considered that the offense is a felony because possibly punishable by imprisonment in the penitentiary. It might be considered

that the offense is to be deemed a felony or a misdemeanor according as the sentence imposed is for more than six months in the penitentiary or six months or less in the county jail. The Territorial Supreme Court seems to have taken the latter view in Territory v. Gonzales, 14 N. M. 31, 89 P. 250. Whether this is correct seems unnecessary to decide. The only reason for deciding it is that urged by appellant, that he is entitled to know whether he has suffered a forfeiture of civil rights by being convicted of a felony. That question may be postponed, it seems to us, until such rights are challenged. The question here is whether appellant has been legally convicted. Taking the first view, he has been convicted of a felony. Taking the latter view, he has been convicted of a misdemeanor. Under either view the conviction can be sustained. The only uncertainty is as to the meaning of section 1452, which does not render section 26 void, but merely presents a question not raised by this case.

The foregoing is upon the assumption that sections 5062 and 1452 are to be consulted. Appellant contends, however, that the former should not be; urging that it has been repealed by the general repealer of the act in question. Section 38, c. 150, Laws 1919. Obviously there is no inconsistency between section 26 and section 5062, the latter fitting in and supplying the omission in the former, and being evidently designed for that purpose. The fact that sections 28 and 29 of the act are inconsistent with section 5062, in permitting the court to sentence up to one year in the county jail, affords no good reason that we can see for considering that section 5062 may not operate upon section 26, which gives the court no such power. Nor does the fact that other offenses defined in the statute are expressly made misdemeanors lead to the conclusion that a misdemeanor only is defined in section 26.

Appellant also points out that the language of section 26 is so broad as to prohibit operation of a motor vehicle upon private property within municipalities. For this reason he urges that it is unconstitutional as not being within the title of the act which, as he contends, extends only to operation on highways. He further con-

tends that the prohibition of operation on private property constitutes an unreasonable restriction. If there be merit in either of these contentions, it will not affect the constitutionality of section 26. If necessary to sustain it, it would be our duty so to construe it as to avoid the objections. The present case does not seem to call for construction. Appellant was convicted upon undisputed evidence of having operated his automobile on the public streets. Whether the section covers operation in private places is a question to be decided when such a case comes before us. State v. Culdice, 33 N. M. 641, 275 P. 371.

■ Appellant contends that said section 26 was repealed by chapter 12 of the Laws of 1927 which confers upon municipal corporations "power to regulate the speed and general operation and parking upon the streets of all motor vehicles traveling within the corporate limits of said municipalities."

Repeals by implication are not favored. We do not think that the blanket authority to regulate the general operation and parking of motor vehicles should be held to repeal the existing penal statute against operating a motor vehicle while intoxicated.

■ A defense witness had testified that appellant did not seem to be intoxicated on the occasion in question. On cross-examination he was asked whether he had ever seen appellant when he was drunk, for the stated purpose of testing the witness' ability to judge of appellant's condition. Over objection the witness answered, "I have seen him quite drunk at some times."

After pursuing the examination somewhat, and after considerable argument, the court directed the jury:

"Do not consider any of the evidence of the witness so far as he testified that he knew of other occasions when Mr. Tinsley was intoxicated. All such testimony will be stricken out."

The contention is that this evidence was so prejudicial to appellant that the error in admitting it could not be cured by striking it.

Without attempting to lay down any rule of general application, we are not impressed with the contention in

this case. We do not think that the evidence, if erroneously admitted, was so calculated to inflame and prejudice the jury that it could not heed the court's instruction to disregard it. Nor have we any reason to think that the verdict was affected by it.

■ A state's witness who was with appellant at the time in question was permitted to testify over objection that appellant had given him a drink that afternoon, but that he did not see appellant himself take a drink. We are not prepared to say that the testimony was entirely irrelevant to the issue of appellant's intoxication.

■ The complaining witness, the city marshal, arrested appellant on the occasion in question, and testified strongly to his condition of intoxication. On cross-examination his credibility was attacked for bias. In this connection appellant sought to introduce the complaint in the present prosecution for the purpose, as he stated, of fixing the date of its institution. Upon the state's admission that the date was as it appeared in the complaint, the offer was denied. We see no error in the ruling.

■ On cross-examination of the complaining witness, it was brought out that appellant had pleaded guilty before a justice of the peace of "violating a city ordinance * * * in connection with that transaction of the 21st"; it being the same occurrence upon which the present prosecution is based. On redirect examination the witness identified the complaint to which appellant had thus pleaded guilty. The justice of the peace also identified the complaint, and testified that appellant had pleaded guilty. Both the state and appellant offered the complaint in evidence, and it was rejected. Appellant complains that the court erred in rejecting the complaint, and also in refusing his offer to explain that in pleading guilty he was not aware that he was admitting intoxication.

The principal argument is that the evidence that appellant had pleaded guilty, though finally stricken out by the court, was so prejudicial that it opened the door to introduction of the complaint and to an explanation of appellant's understanding of it. The argument might be met perhaps in more than one way. It is sufficient, how-

ever, to say that it is based upon a false assumption, viz. that it had been made to appear to the jury that appellant had admitted being intoxicated. If the complaint had been received, this would be true. But, as the record stands, it appears from the stricken evidence merely that appellant had pleaded guilty of violating an ordinance of the nature of which the jury was not made aware, and had pleaded guilty to a particular complaint, the contents of which the jury did not know. We cannot see how appellant was prejudiced by any ruling of the court, in this connection, of which he is in a position to complain.

Appellant moved for a new trial on the ground that an impartial jury was not, and could not have been, selected because of local prejudice. No motion for change of venue was made; appellant not having discovered the full force and extent of the prejudice, as he claims, until during and after the trial. No misconduct of any juror is pointed out, and there is nothing to disclose actual prejudice. Appellant concedes that his motion was directed to the discretion of the trial court, and that the ruling is reviewable only for abuse. We are far from persuaded that there was any abuse.

The judgment must be affirmed. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.