**Eugene SILVA, Appellant,**

**v.**

**Harold A. COX, Warden of the New Mexico State Penitentiary, Appellee.**

**No. 8139.**

United States Court of Appeals
Tenth Circuit.

Sept. 21, 1965.

James A. Williams, Denver, Colo. (Thomas McKenna, Santa Fe, N. M., on the brief), for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, an inmate of the New Mexico State Penitentiary, appeals from a denial of his petition for a writ of habeas corpus.

Silva was arrested by the New Mexico Highway Patrol along with two others as suspects of an armed robbery. They were taken to Albuquerque where the robbery had occurred and turned over to the city police. Interrogation of the three suspects by police officers followed. Silva admitted the robbery and signed a written confession, which expressly stated, "I have been advised of my right

to Legal Counsel. I have also been informed that I do not have to make this or any other statement and that any statement that I shall make at this time may be used for or against me in a Court of Law. Having read the above I hereby make the following statement." The written confession followed, after which the statement recited, "I have read and have had read to me the above statement which consists of about one page, and was given freely by me without threat, coercion, or promise of reward * * *." Silva's signature was attached and the statement was witnessed by two police officers. However, this statement was never used against appellant.

The record does not show that Silva was ever taken before a Justice of the Peace or other examining magistrate for a preliminary hearing or for the waiver of such hearing. He was charged by information in the District Court of Bernalillo County, New Mexico, on September 25, 1956, with armed robbery. On that date an attorney was appointed by the court to represent him. On the following day appellant appeared in open court with his attorney and entered a plea of guilty to the crime charged in the information. On that occasion the Assistant District Attorney read the information to the accused, his attorney entered a plea of guilty on his behalf and the court expressly inquired of Silva as to how he desired to plead and Silva then entered his own plea of guilty. At this point it is significant to recount the colloquy between the judge, the accused and the Assistant District Attorney about the facts and details of perpetration of the crime charged. Silva freely and without hesitation admitted his part in the crime, discussed with the judge the amount of money taken and the disposition of it. He also stood by and heard the prosecutor recite in detail the facts of the crime without disputing any of them.

Imposition of sentence was deferred until a presentence report could be procured. On October 5 appellant again appeared with his court appointed counsel.

Before sentence Silva was given the right of allocution and made the following statement: .

"Well, what we done is done, we just wanted to get up to Texas where we were going to work at his uncle's place, we ran out of money here and we stopped here, we couldn't get out there and I guess that it is a mistake, so whatever we get, I guess that if we have done anything wrong, I haven't done anything wrong in four or five years probation and now I do, that is all that I have got to say."

His appointed attorney at this time spoke in his behalf, recalling the fact that Silva had cooperated with the law enforcement officers and giving the age of the accused.

Appellant urges here: (1) That the representation by his appointed counsel was inadequate and ineffective; (2) that he was denied due process because he was not afforded a preliminary hearing and was not furnished a copy of the information; and (3) by the totality of circumstances he was denied due process.

Appellant supports his first contention by the brief lapse of time between the appointment of counsel and his appearance in court with counsel to enter a plea of guilty. To us, under all of the circumstances of the case, this fact has very little significance. Silva had previously freely admitted his guilt of the crime charged and had no reason to deny his guilt in conferring with his attorney. After such an admission to his attorney, there were no witnesses to interview or any other preparation necessary for trial. All that was left for the attorney to do was to take the accused into court, enter his plea of guilty and throw him upon the mercy of the court. In connection with this point appellant urges that he did not have adequate representation by counsel but fails to specifically point out anything that the counsel could or should have done to make his assistance more effective. This court has held that effective representation of

counsel does not necessarily mean a satisfactory result for the accused [1] and that the competence of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client.[2] Again we say, that under the circumstances of the case we know nothing more that counsel could have done that would have helped appellant.

■■■ The second point urged has given us some concern. The Constitution of the State of New Mexico provides that every person accused of a felony by information under the laws of that state shall have the benefit of a preliminary examination or hearing before an examining magistrate.[3] The New Mexico Supreme Court has held that this state constitutional guarantee of a preliminary hearing may be waived before a magistrate if the accused acknowledges his guilt of the offense charged.[4] That court, in a line of decisions has also held that a plea of guilty or not guilty to an information filed in a district court, in which case no preliminary hearing has been held, also constitutes a waiver of the constitutional right to a preliminary examination.[5] The right to a preliminary hearing in the State of New Mexico is one guaranteed by the state constitution and only becomes a Federal Constitutional guarantee by the equal protection clause of the Fourteenth Amendment because it is a part of the due process of the state. As a general rule, the interpretation of state constitutions and state laws is a matter to be left to the state courts.[6] In this regard the Federal Constitution does not require that the Federal Courts make their separate interpretation of state constitutions and statutes but the Federal Courts must accept such state court interpretation unless it be inconsistent with the fundamental principles of liberty and justice.[7] We agree with Judge Miller in Dillard v. Bomar, 6th Cir., 342 F.2d 789, 790, in which he said, "We do not find that the Supreme Court has ever held that an accused has a constitutional right to a preliminary hearing." Therefore, we are constrained to accept the New Mexico Supreme Court's decisions on waiver of the right to a preliminary hearing in criminal cases arising under the law of that state.

■■■ As a part of appellant's argument on denial of due process, he points to the fact that the record fails to show that he was served with a copy of the information. From the record we agree with the trial court's finding that the accused knew exactly what crime he was pleading to and that his plea of guilty was knowingly and understandingly made after consultation with his court appointed attorney. We believe that this procedural defect was likewise waived by knowingly and understandingly entering the plea of guilty.[8]

■■■ The court appointed counsel for appellant has ingeniously raised the third point and we do not propose to treat it lightly. As a result we have carefully read and considered the entire record before us in an effort to completely satisfy ourselves that no injustice has been done to appellant from a constitutional standpoint. In considering the entire record

1. Lucero v. United States, 10 Cir., 335 F. 2d 912, and the cases cited therein on this point.

2. Goforth v. United States, 10 Cir., 314 F.2d 868, cert. denied, 374 U.S. 812, 83 S.Ct. 1703, 10 L.Ed.2d 1035.

3. Art. II § 14, Constitution of New Mexico.

4. State v. Alaniz, 55 N.M. 312, 232 P.2d 982.

5. Sanders v. Cox, 74 N.M. 525, 395 P.2d 353, cert. denied, 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed.2d 569; State v. Jones, 73 N.M. 459, 389 P.2d 398. See also State v. Vaughn, 74 N.M. 365, 393 P.2d 711.

6. Hebert v. State of Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 71 L.Ed. 270.

7. Bute v. People of State of Illinois, 333 U.S. 640, 648, 68 S.Ct. 763, 92 L.Ed. 986.

8. Mahler v. United States, 10 Cir., 333 F. 2d 472, cert. denied 379 U.S. 993, 85 S. Ct. 709, 13 L.Ed.2d 613.

in the case, we have kept in mind the Supreme Court's definition of due process in Lisenba v. People of State of California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166, in which it said: "* * * denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice." We must conclude that after considering all of the facts and circumstances, there has been no denial of due process, nor has appellant suffered any prejudice by reason of the admitted procedural defects.

Affirmed.