**Ernest G. GANTAR, Appellant,**

v.

**Harold A. COX, Warden of the New Mexico State Penitentiary, Appellee.**

**No. 8187.**

United States Court of Appeals
Tenth Circuit.

Sept. 21, 1965.

Clark A. Floyd, Denver, Colo., for appellant.

L. D. Harris, Special Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., and Thomas O. Olson, Sp. Asst. Atty. Gen., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant, presently serving an indeterminate sentence of three to fifteen years for unarmed robbery in the New Mexico State Penitentiary, appeals from a denial of his petition for a writ of habeas corpus.

From a reading of the record and the briefs filed here, there appears to be no dispute as to the following facts: Appellant was arrested for the crime of un-

armed robbery and taken before a Justice of the Peace, where he appeared without counsel. At this time he was advised by the Justice of the Peace of his right to counsel, of his right to a preliminary hearing and of his right to plead guilty or not guilty. He entered a plea of not guilty and the record shows that he waived a preliminary hearing. Thereafter, he was charged by information in the District Court of McKinley County, New Mexico, appeared for arraignment without counsel and entered a plea of not guilty to the charge of unarmed robbery. Subsequent to this proceeding he was released on bond and his mother employed an attorney to represent him. The attorney advised him to plead guilty and on a later date he appeared before the State District Judge with his attorney, entered a plea of guilty and sentence was imposed.

Appellant's sole contention here is that his constitutional rights were violated when he was not furnished counsel upon his appearance before the Justice of the Peace and prior to his waiver of a preliminary hearing.

We find no merit to the contention because after a careful search of the record we can find no prejudice resulting to the appellant because the fact that he did not have counsel at the time of his appearance before the Justice of the Peace.

It should be noted that we have carefully read the transcript of the proceedings had in the sentencing court. The state trial judge at the time of Gantar's first appearance before him first carefully explained to the accused his right to counsel and advised him that "If you are unemployed and unable to employ an attorney, then the Court can appoint one for you." The trial judge then, with admirable care, explained to the accused the nature of the crime charged and all of the penalty aspects in connection with it. The accused then entered a plea of not

guilty and the judge again expressed a willingness to appoint counsel. It was after this proceeding that the accused was released from custody on bond and procured an attorney of his own choice. This attorney thereafter appeared with the accused before the same court, withdrew the former plea of not guilty and entered a plea of guilty. The court inquired then of the accused, "Have you consulted with your attorney about the penalty for this offense?" and the accused replied, "Yes, sir." The court then again explained the penalty he was compelled under the law to impose and inquired, "Is it still your wish to enter a plea of guilty?" and the accused replied, "Yes, sir."

■■ We do not need to reach the question of whether an accused, as a constitutional right, is entitled to counsel at a preliminary hearing. This case did not reach that stage because on appellant's first appearance before the magistrate, when he was advised of his right to counsel, the nature of the charge against him and his right to have a preliminary hearing, he stated he was not guilty of the charge and waived a preliminary hearing. Nothing transpired at this time to prejudice the accused or was anything that transpired then used against him at any other stage of the criminal prosecution. Also, after he was charged in a lawful manner by information in the District Court, and after his mother had retained counsel for him, he entered a plea of guilty to the crime charged by the information. That plea of guilty, under the decisions of the New Mexico Supreme Court,[1] which we must follow,[2] waived any prior procedural defects unless we can say that prejudice to the accused resulted from such procedural defect. This we cannot say from looking at the entire record.

Affirmed.

1. Sanders v. Cox, 74 N.M. 525, 395 P.2d 353, cert. denied 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed.2d 569; State v. Jones, 73 N.M. 459, 389 P.2d 398; State v. Vaughn, 74 N.M. 365, 393 P.2d 711.

2. Silva v. Cox, 10 Cir., 351 F.2d 61.