423 P.2d 872

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Hazel Billie FERGUSON, Defendant-Appellant.**

No. 7958.

Supreme Court of New Mexico.

Feb. 13, 1967.

**442**

Calvin R. Neumann, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Paul J. Lacy, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Defendant-appellant Hazel Billie Ferguson, having been charged with contributing to the delinquency of minors by selling beer to one of them and permitting them to remain on her premises, contrary to § 40A–6–3, N.M.S.A., 1953 Comp., was found guilty by a jury trial. The trial court sentenced appellant to seven months in the State Penitentiary with the remainder of the one to five-year sentence being suspended. From this sentence appellant takes this appeal.

Appellant contends that the evidence presented by the State, on the issue of appellant being guilty of making a sale of beer to minors and permitting them to remain on her premises, is inadequate to support the verdict. Appellant cites no cases to support this position, but argues that there is no evidence showing that appellant received the money for the sale of the beer, and that the record shows the minors were on appellant's premises for only about thirty minutes, which refutes the charge that appellant permitted the youths to remain on her premises, tending to cause or encourage their delinquency. We think both arguments are without merit.

The record shows the State established by testimony of Larry Melton that he was 17-years old, entered appellant's place in Clovis, New Mexico, on March 12, 1965, bought two cans of beer and drank one of them. Jackie Nelson Lee, a minor and friend of Melton, testified that he was present at appellant's place when Larry bought the beer from a girl named Irma, and observed Melton and one Travis Eubanks drink the beer. He also testified that Irma took the money into an adjoining room, where appellant was in bed, and saw Irma either hand the money to appellant, or place it on the bed beside appellant, and then return without the money. Officer Briggs of the state police testified that he found four boys in the living room of appellant's place, and that there were empty cans and open cans of beer in front of them. Officer Gibson of the state police testified that Travis Eubanks was, on the night in question, 17-years old and that

when Gibson entered appellant's place he observed two boys drinking beer.

■ Appellant called no witnesses and the evidence offered by the State was un-contradicted. At the close of all evidence, appellant moved for dismissal on the ground that reasonable men could not differ on the question of the evidence being insufficient to support the verdict. This motion was for a directed verdict, placing before the trial court the single question of whether or not there was any substantial evidence to support, or reasonably tending to support, the charge for which the directed verdict was requested. State v. Martin, 53 N.M. 413, 209 P.2d 525; Kilpatrick v. State, 58 N.M. 88, 265 P.2d 978. Viewing the record as a whole, we think there is substantial evidence to warrant allowing the case to go to the jury, and the trial court did not err in overruling appellant's motion. We stated in State v. Romero, 67 N.M. 82, 352 P.2d 781:

"In reviewing a conviction, this Court will view the testimony as a whole in the light most favorable to the state, resolving all conflicts therein and indulging in all permissible inferences in favor of the verdict of conviction. State v. Martinez, 1949, 53 N.M. 432, 210 P.2d 620, 626. Where, however, the evidence must be buttressed by surmise and conjecture, rather than logical inference in order to support a conviction, this Court, as final arbiter charged with the protection of civil liberties, cannot allow such conviction to stand. See State v. Bibbins, 1960, 66 N.M. 363, 348 P.2d 484."

■ The jury could have logically inferred from the established facts that appellant did receive the money from the sale of the beer. Appellant has not suggested any inference that would be consistent with any reasonable theory of innocence, and we can find none. To warrant a conviction for a crime, whether upon direct or circumstantial evidence, the jury need only be satisfied beyond a reasonable doubt. State v. Johnson, 37 N.M. 280, 21 P.2d 813, 89 A.L.R. 1368.

With respect to appellant's second argument, the jury could have logically inferred from the established facts that appellant knew of the boys' presence and permitted them to remain. In the instant case we do not think the element of time was a necessary part of the State's case.

Appellant's final contention is that answers to two questions asked by the district attorney were prejudicial, and the withdrawal of the answers from the jury's consideration and the later instruction to disregard the answers did not cure the error. The first answer was in response to a question directed to one of the state police officers:

"Q. For what purpose did you go there?

"A. To investigate prostitution."

444

The second answer was in response to what occurred between a state police officer and the girl Irma, after they left the main building to go to a smaller building in the rear:

"Q. After you * * * [returned] what if anything did you do?

"A. Irma Jean Jones was placed under arrest for prostitution."

Counsel for appellant objected to each answer and the trial court admonished the jury that the questions and answers were withdrawn from their consideration, and they were charged not to consider them for any purpose in arriving at a verdict.

Appellant recognizes that the general rule of law and the prevailing rule of law in New Mexico is that, when improper evidence is introduced, objected to and withdrawn from the consideration of a jury with later instruction to disregard such testimony, the withdrawing and admonition cure any prejudicial effect the evidence might have had. State v. Stewart, 34 N.M. 65, 277 P. 22; State v. Tinsley, 34 N.M. 458, 283 P. 907; State v. Dendy, 34 N.M. 533, 285 P. 486; State v. Garcia, 46 N.M. 302, 128 P.2d 459; State v. Long, 49 N.M. 57, 157 P.2d 236. However, appellant argues that the only proper method to cure such error is by granting a new trial and does not even concede, for sake of argument, that the rule may properly be applied in any instance. Appellant argues that

the human mind is not a machine for recording only the pleasant, the enlightening and proper, but records all to which it is exposed. Appellant also contends that it is unrealistic to believe that the human mind, when engaged as that of a juror, can completely and irrevocably dismiss evidence which a court instructs it to disregard. People v. Bentley, 131 Cal.App.2d 687, 281 P.2d 1; State v. Kellington, 93 Ariz. 396, 381 P.2d 215.

In People v. Bentley, supra, the deliberate statement by a police officer, that the defendant was a suspect in an earlier case, was held to be prejudicial error despite the court's direction that the testimony should be disregarded. Two California cases subsequent to People v. Bentley, supra, appear to have modified the application of the rule stated in that case. People v. Ozuma, 213 Cal.App.2d 338, 28 Cal.Rptr. 663, and People v. Stinson, 214 Cal.App.2d 476, 29 Cal. Rptr. 695.

In State v. Kellington, supra, the statement, that the defendant was an ex-convict and had been convicted of burglary, was held to be prejudicial error which could not be expunged from the record by the court's admonition. The Arizona courts, in subsequent cases, appear to have followed this rule. It is also noted that in State v. Gortarez, 98 Ariz. 160, 402 P.2d 992, the Arizona supreme court held that, when testimony tended to imply that prior criminal misconduct was engaged in by some person

other than the defendant, then the defendant had not been prejudiced. This would suggest that the statement, that Irma Jean Jones was arrested for prostitution, should not be considered to be prejudicial error.

 However, we cannot follow the Arizona rule because it is in direct contravention to the law as stated in State v. Tinsley, supra, and State v. Dendy, supra. This court held that a jury could exclude from consideration erroneously admitted testimony indicating that the defendant had committed criminal acts not related to the offense charged, when withdrawn by the court with a proper cautionary charge. If it is desirable to adopt the modification suggested by the California decisions, the instant case is not the proper one to so establish the modification, since the record does not show a closely balanced state of the evidence. We have not overlooked or are we rejecting the reasoning in State v. Rowell, 77 N.M. 124, 419 P.2d 966. The questions asked in the instant case are distinguishable, because the record does not show them to be clearly improper, prejudicial in themselves, or asked in bad faith.

The decisive question in this case is whether the answers were prejudicial to appellant. In Cuomo v. United States, (2d Cir. 1916), 231 F. 116, the defendant was charged with the offense of receiving stolen goods. At the trial a police officer, who had been observing defendant's residence, testified he suspected that the defendant was keeping a "disorderly house." On appeal, the court held that the testimony was not so prejudicial that its effect could not be wiped from the minds of the jury by a proper instruction. See Evenson v. United States, (8th Cir. 1963), 316 F.2d 94; Conner v. United States, (5th Cir. 1963), 322 F.2d 647; United States v. Haskins, (6th Cir. 1965), 345 F.2d 111; Johnson v. United States, (8th Cir. 1966), 356 F.2d 680.

Finding no error, the judgment is affirmed.

It is so ordered.

NOBLE, J., and OMAN, J., Court of Appeals, concur.