616 P.2d 1121
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Floyd VALDEZ, Defendant–Appellant.**

**No. 4393.**

Court of Appeals of New Mexico.

July 3, 1980.

Rehearing Denied July 16, 1980.

Writ of Certiorari Denied Aug. 29, 1980.

Theodore E. Lauer, Lauer & Mandel, Sante Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of armed robbery with firearm enhancement, defendant appeals. His point as to whether the trial court abused its discretion in denying his counsel adequate time to read the grand jury testimony of

the State's first witness before beginning cross-examination is dispositive. We reverse.

On the morning of trial, prior to any proceedings, the trial court stated: "I have with me in court today and have opened and have inspected the transcript, the grand jury testimony which is here and is in all respects available. Are we ready for the jury, gentlemen?" Thereafter, motions were heard, the jury selected and sworn, and opening statements were made after which Officer Bustamante was sworn as the State's first witness. During direct examination, defense counsel requested that he be permitted to voir dire the witness outside the presence of the jury. The judge excused the jury and ordered a five minute recess. Subsequently, the witness was voir dired. After direct ·examination, defense counsel, Mr. Schoenburg, requested a recess so that he could go over the grand jury transcript. He stated that he had not had an opportunity to read it in full. The following then occurred:

THE COURT: We just had a 10 minute break. Proceed, Mr. Schoenburg.

MR. SCHOENBURG: Your Honor, just let the record reflect that I haven't had a chance to read the grand jury transcript.

THE COURT: Are you telling me that 10 minutes haven't passed?

MR. SCHOENBURG: The 10 minutes that had passed I used to talk to Officer Bustamante concerning the tender of proof and problems relating to that.

THE COURT: The record will reflect your observation.

Under *State v. Felter,* 85 N.M. 619, 515 P.2d 138 (1973), and *State v. Sparks,* 85 N.M. 429, 512 P.2d 1265 (Ct.App.1973), "once the witness has testified at the criminal trial about that which he testified before the grand jury, the accused is entitled to an order permitting examination of that portion of the witness' grand jury testimony relating to the crime for which defendant is charged." The denial of the right of an accused to fully cross-examine a hostile witness deprives him of the right of confrontation. *Mascarenas v. State,* 80 N.M. 537, 458 P.2d 789 (1969). An essential part of any cross-examination is the preparation. Without sufficient time to read the transcript, counsel could not be adequately prepared. Thus, the defendant would be denied his right of effective cross-examination.

The granting or denial of a continuance is within the sound discretion of the court. *State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979). On appeal, the issue is whether the trial court abused its discretion. *State v. Sanchez,* 58 N.M. 77, 265 P.2d 683 (1954). Additionally, there is no basis for a reversal unless prejudice is shown. *State v. Manus, supra; State v. Sanchez, supra.*

In this case, the record shows that defendant's lead counsel did not have an opportunity to read the grand jury transcript before cross–examination of the State's witness. The court's ruling that he "just had" ten minutes to do so was contrary to the facts and circumstances before the court. *See State v. Hargrove,* 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). Furthermore, the defendant was prejudiced thereby, as he was deprived of the opportunity to effectively cross-examine the witness concerning the grand jury testimony. *State v. Felter, supra; State v. Sparks, supra.* The fact that the witness was cross-examined by other means does not cure the denial of the defendant's right to the grand jury transcript. Defendant was entitled to have sufficient time to acquaint himself with the contents of the grand jury transcript of Officer Bustamante's testimony. Lead counsel could not be expected to divert his attention from the proceedings to examine the transcript. The fact that he had co–counsel does not assist the State. Neither could be expected to divert their attention from the proceedings.

We hold that the trial court abused its discretion in not granting a recess so counsel could read the grand jury transcript of Officer Bustamante's testimony.

Reversed and remanded.

IT IS SO ORDERED.

LOPEZ, J., concurs.

ANDREWS, J., specially concurs.

738

ANDREWS, Judge (specially concurring).

I agree with the majority, but because this case is remanded for a new trial, would like to address issues raised in the appeal which might arise at a second trial. In my view, defendant's Points V and VII would require reversal if repeated at the new trial.

Issue V alleges that certain statements made by the State's witness, James Sedillo, were prejudicial because they related defendant's case to a murder investigation and to a missing person inferentially involved in the murder case. Although the jury was admonished to disregard this testimony, the prejudicial nature of the testimony may not have been cured. *See* State v. Ferguson, 77 N.M. 441, 423 P.2d 872 (1967).

In Issue VII, defendant claims that the court erred in allowing the same witness to present hearsay evidence. His testimony as to who had been in Petaca at the residence of the defendant in January, 1978, was based on hearsay. The witness, Sedillo, had no personal knowledge of the facts asserted and his testimony offered to prove the truth of the matter asserted, that Joe Gallegos had visited the defendant's residence prior to the robbery, was therefore a violation of the defendant's right to confrontation. Evid.R. 802, *see* State v. Mann, 87 N.M. 427, 535 P.2d 70 (Ct.App.1975). Since it did not fall within any exception to the hearsay rule, its admission was error and would be if offered again at the new trial.