FILED
United States Court of Appeals
Tenth Circuit

October 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HERMAN TRACY CLARK,

      Petitioner-Appellant,

v.

J. A. O'BRIEN, Warden,

      Respondent-Appellee.

No. 10-6104
(D.C. Nos. 5:86-CV-00104-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

On March 3, 1975, petitioner-appellant Herman Clark was sentenced to life imprisonment for armed robbery by the federal district court in the Western District of Oklahoma. He was later convicted of first degree murder by an Oklahoma state court and also sentenced to life in prison.[1] In 1986, he filed a federal habeas corpus action in which he made a number of contentions, including one that the district court interpreted as a claim that his state conviction violated the constitutional prohibition against double jeopardy and also violated

---

[1] Mr. Clark's original death sentence was modified to a sentence of life imprisonment on appeal in state court.

Okla. Stat. tit. 21, § 25 (repealed 1986), which was Oklahoma's statute prohibiting double jeopardy at that time.[2]

In dismissing Mr. Clark's petition, the district court held that 28 U.S.C. § 2254(d) (redesignated subsection (e) in 1996) required it to presume the accuracy of the state court's factual findings, except in limited circumstances, and to accept the state court's interpretation and application of that state's laws unless they are inconsistent with fundamental principles of liberty and justice. As to the claim that Mr. Clark's conviction violated Okla. Stat. tit. 21, § 25, the district court held that it was bound by the state court's previous interpretation and application of Oklahoma law on that issue. The court went on to hold that, under *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the state prosecution of the murder charge following the federal conviction on the bank robbery charge, did not violate the federal constitutional prohibition against double jeopardy. The court also held that Mr. Clark's claim that his due process rights were violated by the admission of a witness's perjured testimony that she attended school with Mr. Clark did not present a federal question cognizable in a habeas corpus action in that he failed to show how any prejudice could have resulted from the testimony.

---

[2]     This section provided that proof of conviction or acquittal in a foreign jurisdiction based upon the same act or omission as that for which a defendant was being tried in Oklahoma, was a sufficient defense to prosecution in Oklahoma.

Over twenty-three years later, on February 11, 2010, Mr. Clark filed a motion under Federal Rule of Civil Procedure 60(b) to vacate and set aside the 1986 dismissal of his habeas petition.[3] Mr. Clark claimed that the merits of his petition had never been reached because the district court had made "procedural" rulings, according "misplaced deference to the state-court's factual finding" and refusing to rule on the merits of his "due process" claim. R., Vol. 1, at 12. He thus claimed his motion was a "true" Rule 60(b) motion, as opposed to a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006). The district court held that Mr. Clark's motion was a second or successive habeas petition under *Spitznas*, that it therefore lacked jurisdiction to consider it, and that a transfer to this court pursuant to 28 U.S.C. § 1631 was not in the interest of justice. The court therefore dismissed the motion/petition for lack of jurisdiction.

---

[3] We note that, although Mr. Clark's motion was entitled "Rule 60(b) Motion to Vacate and Set Aside Judgment," R., Vol. 1, at 3, it stated in the first paragraph that he was also seeking relief under Rule 60(d)(1) and (3). Subsection (d)(1) provides that Rule 60 does not limit the court's power to entertain independent actions seeking to relieve a party of a judgment, order or proceeding. Subsection (d)(3) provides that Rule 60 does not limit the court's power to set aside a judgment for fraud on the court. The district court found Rule 60(d) inapplicable in a footnote. Mr. Clark makes a brief argument that the district court erred in finding Rule 60(d)(1) inapplicable because his case presented such a grave miscarriage of justice. We deny COA on that issue, holding that jurists of reason could not find that the district court erred in its ruling.

Mr. Clark has appealed this dismissal and applied for a certificate of appealability (COA).[4]

The issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Thus, a state prisoner such as Mr. Clark must first obtain a COA before he may appeal from the denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). In this case the district court dismissed Mr. Clark's "Rule 60(b) Motion" on the ground that it was actually a second or successive petition under 28 U.S.C. § 2254. This is a procedural ruling that requires a COA. *Cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (discussing the COA analysis for an unauthorized § 2255 motion). A COA may issue in such a situation only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But before considering whether jurists of reason would find the district court's decision to dismiss Mr. Clark's second or successive habeas petition debatable, we must first determine whether jurists of reason would find debatable

---

[4]    We note briefly that Mr. Clark's notice of appeal also states in a conclusory manner that he is appealing the district court's denial of his Rule 59 motion seeking reconsideration of the decision on his putative Rule 60 motion. Nevertheless, his appellate brief does not contain any argument directed specifically at that decision. Consequently, to the extent that Mr. Clark is actually attempting to appeal that denial, our reasoning herein applies fully.

the district court's decision to construe his Rule 60(b) motion as a second or successive § 2254 claim. *See Harper*, 545 F.3d at 1233.

Mr. Clark's pro se application for COA is difficult to consider. While it goes without saying that this court treats pro se filings liberally, *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009), Mr. Clark's seven issues for which he purportedly seeks a COA are a mixture of attacks on the district court's original habeas decision and cursory statements attacking the district court's ruling on his purported Rule 60(b) motion. As best we can tell, the following arguments have been put forth.

A. Okla. Stat. tit. 21, § 25

It is clear that Mr. Clark is seeking a COA to appeal the district court's dismissal of his purported Rule 60(b) complaint regarding Okla. Stat. tit. 21, § 25. In the original habeas decision, the district court read Mr. Clark's petition as arguing, among other things, that his state conviction violated § 25. The district court ruled that the Oklahoma Court of Criminal Appeals (OCCA) had determined that Mr. Clark's state prosecution did not violate § 25, and that the federal court would not disturb the state court's application and interpretation of state law. *See Silva v. Cox*, 351 F.2d 61, 64 (10th Cir. 1965) ("[T]he Federal Courts must accept [a] state court interpretation [of a state constitution or statute] unless it be inconsistent with the fundamental principles of liberty and justice."). This unremarkable merits determination simply recognized the requirement that habeas

actions present claims arising under federal law, 28 U.S.C. § 2254, as opposed to claims that the prisoner is in custody in violation of *state* law.

In his Rule 60(b) motion, Mr. Clark attacked this decision. It appears that the district court read his motion as arguing that the district court erred in ruling that it would not disturb the state court's application of state law. Such an argument is clearly a second or successive habeas argument and, to the extent that Mr. Clark seeks COA in regards to that argument, it is denied.

However, it appears to us that Mr. Clark is (now at least) under the impression that the argument that he originally made and that the district court ruled upon was not simply that the state court prosecution violated Okla. Stat. tit. 21, § 25 , but that the state court's misapplication of § 25 violated his federal constitutional due process and equal protection rights. While this fact creates a wrinkle in the analysis, it is not one helpful to Mr. Clark's cause. The district court's failure to rule on such an argument *might* have been grounds for a "true" Rule 60(b) motion, albeit a likely untimely one. But as we read the record, Mr. Clark never made that argument. He argued in his Rule 60(b) motion that the district court made an improper *procedural* decision to defer to the state court, not that the district court misread, and therefore failed to address, his argument. He reiterates this argument in his application for COA. *See* Appl. for COA at 2 ("[T]he habeas federal district court failed to consider the substance of the statutory defense coded at . . . § 25 . . . when [it] deferred to the

-6-

state[ court's] . . . dismissal . . . ."); and 3 ("The federal district court['s]

procedural ruling erred in determining that the State courts had made an

'adequate' determination within the meaning of 28 U.S.C. § 2254(d)."). We

therefore deny COA on this argument.[5]

B.  Allegedly Perjured Testimony

Mr. Clark argued in his habeas petition that his due process rights had been

violated because a witness falsely testified that she attended school with him.

The district court held that such an allegation of state trial error did not present a

federal question cognizable in a federal habeas corpus action. *See Brinlee v.*

*Crisp*, 608 F.2d 839, 843 (10th Cir. 1979) (holding that claims of mere state court

procedural or trial error not resulting in a deprivation of fundamental rights were

not cognizable in a federal habeas corpus action).  The court held that Mr. Clark

had failed to show any prejudice resulting from the alleged false testimony.  In

his Rule 60(b) motion, Mr. Clark made the conclusory statement that "[t]his is an

incorrect standard that denied Clark a full round of review on the merits,"

---

[5]     We note that the district court most likely failed to read Mr. Clark's habeas petition as arguing that a state court's misapplication of state law was a separate violation of a prisoner's federal due process and equal protection rights, because such an argument was obviously meritless. *See Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (rejecting a prisoner's argument that the OCCA's alleged legal error on direct appeal violated his equal protection and due process rights, and holding that (1) a rule that erroneous application of state criminal law resulted in an equal protection violation would essentially allow criminal defendants to raise unlimited claims in habeas actions, and (2) that, while in "rare circumstances" an application of state law might be so arbitrary and capricious as to constitute a due process violation, clearly none had occurred in that case).

R., Vol. 1, at 33, and then proceeded to argue that the district court was wrong and the false testimony had resulted in prejudice and a denial of his due process rights. In his application for COA, he continues to argue in error that the district court never ruled on the merits of his claim. Because the district court was clearly correct that Mr. Clark's continued assertion–in his purported Rule 60(b) motion–that the allegedly false testimony violated his due process rights was a second or successive habeas claim, we deny COA on this issue.

C. Failure To Transfer Under 28 U.S.C. § 1631

Finally, Mr. Clark contends, in a conclusory manner, that the district court abused its discretion in determining that it was not in the interest of justice to transfer the case to this court for certification. He does not specify which points should have been transferred or why. We assume that he is complaining that the points he raises in his COA application should have been transferred. Considering our analysis above, we deny COA on this point in that we do not believe that a jurists of reason would determine that the district court abused its discretion by refusing to transfer.

Accordingly, Mr. Clark's application for COA is DENIED and his appeal is DISMISSED.

Entered for the Court

Jerome A. Holmes
Circuit Judge

-8-