[No. 3316.   Aug. 12, 1929.]

[Rehearing Denied March 1, 1930.]

STATE v. DENDY.

[285 Pac. 486.]

Hall & McGhee, of Clovis, for appellant.

Robert C. Dow, Atty. Gen., and F. H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

BICKLEY, C. J. ■ Appellant was arrested on November 22, 1926, and convicted of the offense of selling intoxicating liquors. The information signed by the assistant district attorney was verified, as follows:

"E. P. Cannedy, upon oath says: That he is sheriff of Curry County, New Mexico, and have read the above and foregoing information and that the facts set forth therein are true and correct."

A plea in abatement to the information was presented by the appellant averring that the verification is not a compliance with the statute (chapter 145, Laws 1925) in that the affiant does not state that the facts alleged in the information are true of his own knowledge, and proceeds to allege that the affiant does not personally know anything that will support the charge made against the defendant, of all of which the defendant tendered proof.

To this plea a demurrer was interposed, wherein the state claims that the matters stated in said plea are not sufficient in law to justify granting the relief prayed.

The information is verified in positive terms.

In Moss v. State, 4 Okl. Cr. 247, 111 P. 950, and Boswell v. State, 19 Okl. Cr. 443, 200 P. 256, it was held that an information properly verified on its face cannot be set aside on a showing that the affiant had no personal knowledge of the matter to which he swore in verifying it. We think this is the correct view, and we adopt it.

Appellant also claims that the court erred in admitting evidence of other offenses than the one charged in the information and specified in the bill of particulars.

The information charged a sale by defendant on the 21st of November, 1926. On motion of defendant for bill of particulars, the state limited the offense to a sale as laid in the information and further limited the transaction, as follows:

"That the whiskey alleged to have been sold and upon which the State relies for conviction, was dispensed by the said defendant to one Dick Alderson and J. T. Reed, and the said J. T. Reed paying therefor the sum of fifty cents for the two drinks."

The persons named in the bill of particulars as having purchased the liquor were witnesses for the state.

The witness J. T. Reed testified to having purchased intoxicating liquor from defendant at numerous times. He also testified that Alderson had been with him on several occasions when they both got liquor from defendant.

Appellant invokes the rule that the prosecution must prove the offense as laid in the indictment or information, and that the circumstances of this case do not bring it within any of the well-recognized exceptions, as to proving other offenses. The general rule is as stated by appellant, but it is also true that it is not every error which is committed in the trial of the case that will warrant a reversal of the judgment.

■ A conviction will not be reversed because of the admission of immaterial or irrelevant evidence, or of evidence otherwise improper unless defendant was prejudiced. 17 C. J. Crim. Law, 317. There is cited, in support of this text, decisions from 47 jurisdictions including New Mexico. See State v. Pruett, 22 N. M. 223, 160 P. 362, L. R. A. 1918A, 656. See, also, State v. Martin, 32 N. M. 48, 250 P. 842.

In determining whether the error is prejudicial, there are a number of tests to be applied. One of these is that the error is regarded as usually harmless, where the fact which is intended to be proved thereby is fully shown by other evidence which is competent. See 17 C. J. Crim. Law, 341. That test, of course, is applied when the evidence alleged to be objectionable remains in the case.

The situation in the case at bar, however is controlled by the general rule that, where evidence erroneously admitted during the progress of the trial is withdrawn or stricken out by the court, the error is cured. See 17 C. J. Crim. Law 325, and the companion rule that error in the admission of incompetent evidence may ordinarily be cured by instructions to disregard the evidence improperly admitted. The rule last mentioned has been applied to a case where the court instructed the jury that incompetent evidence tending to show the commission of other offenses

by defendant could not be considered as tending, in any degree, to show the commission of the offenses charged. See State v. Steidley, 135 Iowa, 512, 113 N. W. 333, and Pines v. State, 15 Ga. App. 348, 83 S. E. 198; Lane v. State, 171 Ark. 180, 283 S. W. 353.

It is to be presumed as a general rule that an instruction to a jury that testimony should not be considered by them will efface all prejudice, if any prejudice has resulted from such testimony. 17 C. J. Crim. Law 326. However, instances may arise where evidence is so material and highly prejudicial that no instruction which the court may give will cure the error of its admission.

With these considerations in view, we examine the record and find that the witness J. T. Reed testified to having bought whisky from the defendant at times other than the one charged. Usually the court immediately sustained the objection of appellant's counsel and instructed the jury not to consider such evidence and cautioned them that it was only the one offense that they were to consider. At other times, the court overruled certain motions to strike such evidence, which ruling in some instances might be defensible. There was considerable confusion on account of the deafness of the witness and his disposition to make unresponsive voluntary statements. Upon one occasion the court voluntarily said:

"I have been somewhat confused about the evidence, and right now, gentlemen of the jury, in arriving at a verdict in this case you can consider only the claimed illegal sale of liquor specified and charged in the information, and any other sales, if any have been testified to, or if any are disclosed by testimony in this case, are excluded from your consideration, and you will only consider the sales charged in the information, which will be fully explained to you in the Court's general charge, and you will be limited to the proof of the sale set forth in the bill of particulars and in the information; I think you can only keep it straight that way."

At the conclusion of the evidence, the court gave the following instructions:

"While I have told you that you may find the Defendant to be guilty if you believe he sold intoxicating liquors at any time within two years prior to the 14th day of February, 1927, the date the information was filed in Court, and while the State need not prove the offense to have been committed on the exact date set forth in the information, still, I further charge you in this

connection the State contends in this case that the Defendant, Claude Dendy, sold intoxicating liquors, and claims such sale was made by the Defendant dispensing whiskey to the prosecuting witness, J. T. Reed and R. L. Alderson, for which whiskey the State claims the prosecuting witness J. T. Reed paid the Defendant the sum of fifty cents. The State further contends that such alleged sale was made *within two or three days* prior to the date the Defendant was arrested, and I charge you that the State must prove these contentions to your satisfaction and beyond a reasonable doubt by the evidence introduced in the case, and although you might believe the Defendant sold intoxicating liquors at other times and places than charged in the information or as above outlined to you, still, you would not be warranted in finding a verdict of guilty on account of such sales, and the State must establish the sale as just outlined to you before you could find the Defendant to be guilty of the charge contained in the information. If such a sale has been established to your satisfaction by the evidence in the case and beyond a reasonable doubt, you will find the Defendant to be guilty, but if not, or if you entertain a reasonable doubt thereof, you will find the Defendant to be not guilty.

"I specifically instruct you, gentlemen of the jury, that although certain statements have been made in your presence concerning other sales than that charged in the Information, and as just outlined to you above, such evidence is withdrawn from your consideration, and you will not consider it for any purpose whatever. You can only consider in this case the evidence of the State, if any, which establishes or tends to establish the guilt of the Defendant of the crime charged in the information, as hereinbefore outlined to you."

We have then these persistent instructions to the jury throughout the trial to disregard statements as to other sales, and the fact that the evidence which was competent was sufficient upon which to base the verdict. It might also be argued in the case at bar, as was by the court in Stubbs v. United States (C. C. A.) 1 F.(2d) page 837, that, as there was no corroboration of the testimony of the witness, as to former sales, then, if the jury should discredit the witness as to the sale made on or about November 21, they would naturally discredit him as to other sales and so the incompetent evidence would be without prejudice. The stronger the case is against the defendant as made out by competent evidence, and the less harmful the incompetent evidence would appear to be if left in the case, the easier it is to conclude that striking of it out and instructions of the jury to disregard it has cured the error.

In view of these considerations, we think the error, if any, was cured.

Appellant's third point is:

"The court erred in permitting the district attorney, over the objection and exception of the defendant, to ask the defendant on cross-examination if the witness J. T. Reed had not been in there on occasions other than the time alleged in the information and stated in the bill of particulars, with D. S. Dawson, and at such time, in the presence of Dawson, if he, the defendant, had not at such time sold whiskey to Reed and received pay for it in the presence of Dawson, for the reason such question was improper cross examination, and then further in allowing the district attorney to have the witnesses Reed and Dawson testify in rebuttal that such was a fact, for the further reason such evidence tended to establish a separate and distinct offense, and further was impeachment of the defendant upon a collateral matter, the state being bound by the answer of the defendant in the first instance."

The question thus presented by appellant involves several considerations and requires a careful examination of the record.

The principal witness for the state, J. T. Reed, had testified that two or three days before defendant's arrest the defendant, in Gray's Garage, had dispensed to him and to Dick Alderson two drinks of whisky, and that he (Reed) had paid for it.

The defendant, a witness in his own behalf, was interrogated by his counsel as to the sale to Reed and to Reed and Alderson. He was not content with this, however, but further testified that he had seen Reed but never knew his name, implying slight acquaintance with Reed. He also testified that Reed and Alderson came into Gray's Garage two or three days prior to the date of his arrest and asked for Rose Felder; that he told them Felder was not there; that they asked him for liquor which he told them he could not supply; that Tom Riley was there at the time, the said Riley having previously testified on behalf of the defendant to the same situation.

It was thus apparently sought to establish the fact that Reed and Alderson had been in the garage but once during said period of two or three days prior to his arrest, to which period the state was limited in its proof. If this were not the implication sought to be established, the evidence would have been purely negative and of no value to the defendant. It was then relevant to show that Reed and Alderson had been in the garage on occasions within

the time limited, other than the one testified to by defendant and Tom Riley. It was permissible to cross-examine the defendant as to the extent of his acquaintance with Reed and as to other occasions, during the limited period or shortly prior thereto, when Reed and Alderson were in the garage, when the defendant was there and within his knowledge. Upon cross-examination, without objection, the defendant said that he knew Reed when he saw him, but that he had never seen him in the garage "but once or twice, just once before." He was then asked if Reed had not been there with D. S. Dawson and transacted business with the defendant about that time. This was objected to as not being cross-examination pertinent to any matter gone into, and was a collateral issue. The witness answered that he did not remember Dawson being there. The witness was then asked:

"To further identify Mr. Reed as being in your place of business at different occasions when you were there, I will ask you if, in this connection, if you did not sell him whiskey on this occasion and he paid for it in the presence of Dawson."

This was objected to as not proper cross-examination; not pertaining to any issue in the case and as an endeavor on the part of the district attorney to bring in other different matters in the trial of the case. The witness answered that he did not remember Reed being in there, and, in answer to a similar question, said that he did not remember Dawson being in there at all. The state called Dawson and Reed in rebuttal to contradict these denials. The inquiry as to the presence of Dawson with Reed would tend to refresh the recollection of the witness as to times when Reed was in the garage other than the time testified to by the defendant, and thus draw from him an admission that Reed was there at such other times, and it was not subject to the objection that it was not proper cross-examination. Such an admission would have shown the witness to have been in error and incidentally contradict the implication of the defendant's testimony in chief that Reed had not been in the garage but once on a business transaction with him. Such an admission would also contradict the statement volunteered, upon the cross-examination unobjected to, that Reed had never been in Gray's Garage but "just once before." The district attorney was

inquiring about the period of time defendant had been in Gray's Garage prior to the time of defendant's arrest. The defendant said two months and said he had never seen Reed there but "just once before." We take it, he meant once before his arrest. This view would be consistent with the implication drawn from his testimony in chief. The cross-examination, then, being as to facts relevant to an issue in the case, was upon facts not collateral, and when the questions propounded by the district attorney concerning the presence of Reed in the garage in the presence of defendant, at other times than the once testified to by defendant, was answered by denial, there was no error in permitting the state to contradict him by extrinsic testimony. See Wigmore on Evidence (2d Ed.) §§ 1003, 1004, 1017-1021.

■ There was no error in instructing the jury that they might find the defendant guilty if they believed beyond a reasonable doubt that he sold intoxicating liquor on November 21, 1926, or at any time within two years prior to the filing of the information, as such instruction was modified and limited by other instructions heretofore quoted. Other questions are presented which we deem without merit.

The judgment is affirmed and the cause remanded, and it is so ordered.

WATSON and PARKER, JJ., concur.

CATRON and SIMMS, JJ., did not participate.