617 P.2d 156

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Corrine URIOSTE, Defendant–Appellant.**

**No. 4367.**

Court of Appeals of New Mexico.

July 22, 1980.

Writ of Certiorari Denied Sept. 18, 1980.

Theodore E. Lauer, Lauer & Mandel, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

WOOD, Chief Judge.

■ Defendant was convicted of: (a) attempted murder in the first degree, § 30–28–1, N.M.S.A.1978; (b) assault with intent to commit the violent felony of murder, § 30–3–3, N.M.S.A.1978; and (c) conspiracy to commit murder, § 30–28–2, N.M.S.A.1978. She appeals. Contrary to defendant's contention, the evidence as to defendant's intent and the evidence of attempted first degree murder was sufficient for submission of the attempt and assault charges to the jury. Also contrary to defendant's contention, the trial court did not err in admitting the testimony of the polygraph examiner. See *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977); *State v. Gallegos*, 92 N.M. 370, 588 P.2d 1045 (Ct.App.1978); *State v. Brionez*, 91 N.M. 290, 573 P.2d 224 (Ct.App.1977). We do not reach the contention that the attempt and assault charges

merged. However, see, *Illinois v. Vitale*, —— U.S. ——, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *State v. Smith*, 94 N.M. 379, 610 P.2d 1208 (1980); *State v. Stephens*, 93 N.M. 458, 601 P.2d 428 (1979); *State v. Gallegos*, supra. We discuss two issues: (1) informing the jury of a co–defendant's guilty plea; and (2) restriction of cross–examination.

An indictment jointly charged Urioste, Lucero and Ortiz with trafficking in heroin and conspiracy to traffick in heroin. The evidence in this case is to the effect that Urioste and Lucero were concerned that Ortiz might testify against them and, to prevent this, made arrangements with Marquez and Naranjo to kill Ortiz. Naranjo shot Ortiz, but Oritz survived.

Urioste, Lucero and Marquez were jointly indicted. The charges against Lucero and Marquez were disposed of by plea bargain; Urioste was tried and convicted of the three charges identified at the beginning of this opinion.

*Informing the Jury of a Co–Defendant's Guilty Plea*

Count V of the joint indictment of Urioste, Lucero and Marquez charged conspiracy in that the three indictees combined with one another and with Naranjo to commit first degree murder. As a part of his plea bargain, Marquez pled guilty to this charge.

The prosecutor called Marquez as a witness; Marquez refused to testify and was cited for contempt. We are not concerned with the contempt citation in this appeal.

The trial court judicially noticed that Marquez had pled guilty to the conspiracy charge. The trial court informed the jury of this guilty plea: "[I]t is a fact which you may consider if you choose * * *."

Defendant asserts that informing the jury of Marquez' guilty plea to the conspiracy charge, during the trial of Urioste on that same charge, was error. We agree.

As the extended hearing involving Marquez and his refusal to testify, the prosecutor made it clear that it wanted the fact of Marquez' guilty plea in evidence "to prove that this man was part of the conspiracy,

admitted that he was, in fact, a member of that conspiracy, and that he did, in fact, conspire with Corrine Urioste ' * * *.''

The State contends the trial court could properly judicially notice the guilty plea. This issue does not involve the propriety of judicial notice, but of informing the jury as to what had been noticed.

The State asserts that Marquez' guilty plea to the conspiracy charge was relevant evidence. We agree. The charge is that Urioste and Marquez were a part of the same conspiracy. The State points out that the admission or exclusion of evidence is within the trial court's discretion. We agree; *State v. Bell*, supra. However, neither of these arguments address defendant's contention that the jury should not have been informed of Marquez' guilty plea to the conspiracy charge.

■ The fact that Marquez had pled guilty to conspiracy, presented to the jury in a case involving Urioste's conspiracy, did not come within Evidence Rule 803(22) and was hearsay. Informing the jury of Marquez' guilty plea was error. *State v. Jackson*, 47 N.M. 415, 143 P.2d 875 (1943); *State v. Martino*, 25 N.M. 47, 176 P. 815 (1918). Why? Because it deprived Urioste of the right to confront witnesses against her. *State v. Richter*, 93 N.M. 55, 596 P.2d 268 (Ct.App.1979); *State v. Lunn*, 82 N.M. 526, 484 P.2d 368 (Ct.App.1971).

At the close of the evidence, the trial court orally instructed the jury not to consider Marquez' guilty plea as evidence against Urioste, that Marquez' guilty plea did not permit an inference as to the guilt of Urioste. This instruction was repeated in the written instructions to the jury.

*State v. Ferguson*, 77 N.M. 441, 423 P.2d 872 (1967) states the New Mexico rule "that, when improper evidence is introduced, objected to and withdrawn from the consideration of a jury with later instruction to disregard such testimony, the withdrawing and admonition cure any prejudicial effect the evidence might have had." One of the New Mexico cases cited in *Ferguson* is *State v. Dendy*, 34 N.M. 533, 285 P. 486 (1929). *Dendy* states a general rule

that an instruction to a jury that testimony should not be considered by them will efface all prejudice, if any prejudice has resulted from such testimony. * * * However, instances may arise where evidence is so material and highly prejudicial that no instruction which the court may give will cure the error of its admission.

Compare *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) with *Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969).

We need not decide whether the trial court's instructions were sufficient to cure the error in informing the jury of Marquez' guilty plea or whether *Ferguson*, supra, or *Dendy*, supra, applied. Such a decision is unnecessary. We reverse and remand for a new trial on the cross–examination issue. Thus, it is sufficient to point out that, on retrial, the trial court is not to inform the jury that it has taken judicial notice of Marquez' plea of guilty to the conspiracy charge.

*Restriction of Cross–Examination*

Although stated in various ways in subsequent cases, for example, see *State v. Sanchez*, 79 N.M. 701, 448 P.2d 807 (Ct.App. 1968), the basic statement concerning the scope and extent of cross–examination, prior to the adoption of the Evidence Rules, appears in *Krametbauer v. McDonald*, 44 N.M. 473, 104 P.2d 900 (1940). It states:

[T]he cross examination of a witness should be limited to those facts and circumstances connected with the matters inquired of in the direct examination, except as to those tending to discredit or impeach the witness, or to show his bias or prejudice, or the like. * * *

But cross examination is not confined to the identical details testified to in chief, but extends to its entire subject matter * * * and to all matters that may modify, supplement, contradict,, rebut, or make clearer the facts testified to in chief by the witness on direct examination. * * *

* * * * * *

It should be stated that the scope of cross examination must necessarily rest largely in the sound discretion of the court because of the difficulty in ruling precisely on the questions that arise in nearly all contested cases. The trial judge is clothed with a large discretion in the application of the rule. * * * It is much safer to resolve the doubts in favor of the cross examiner than to risk excluding testimony that should be admitted.

The present wording of Evidence Rule 611(b) is:

Cross–examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

Evidence Rule 611(b), as presently worded, is not a departure from the rule announced in *Krametbauer*, supra.

In this case, the trial court improperly restricted the cross–examination of the polygraph examiner. The improper restriction was in curtailing cross–examination as to fact and circumstances (*Krametbauer*, supra), and the subject matter (Evidence Rule 611(b)) of the direct examination.

Defendant had cross–examined concerning the qualifications of the polygraph examiner and the reliability of the testing procedure. The improper restriction of cross–examination was in connection with the validity of the tests. See *State v. Bell*, supra.

The examiner had been cross–examined concerning the control and relevant questions, and concerning the examiner's scoring method. See *State v. Brionez*, supra. The trial court indicated the cross–examination should be concluded. Counsel informed the trial court that he would like "the time to go through the chart with him * * *." The trial court stated, "I am going to get this case done one way or the other" and added, "I realize that the examination of the chart might be of assistance in your Cross Examination." However because the time already used on cross–examination was, according to the judge's calculations, only 22 minutes less than what the prosecution had used on direct, because the judge felt the cross–examination "has been telling" and because the judge was of the opinion that defendant would "suffer nothing, frankly" by curtailing cross–examination, the trial court refused to permit cross–examination as to the examiner's interpretation of the charts and how that interpretation was used in arriving at a score.

The State seems to argue that defendant failed to inform the trial court of the additional cross–examination that defendant desired. This is incorrect; counsel informed the court:

The nature of my further Cross Examination with relation to an examination of the chart itself and the comparison of those matters on the chart * * *.

But I think it is important to show the Jury the highly subjective nature of the measurements that are made with reference to these charts [and] on the very close calls that are made in terms of whether something is given a zero, minus 1, plus 1, plus 2 or whatever.

The trial court recognized counsel's comments as "fair argument" but restricted further cross–examination to identification, on the chart, of where the question began and ended, and when the question was answered.

Defendant was not allowed to develop any relationship between the chart, which recorded the examinee's responses to questions asked by the examiner, and the examiner's scoring of the responses so recorded. The trial court imposed this restriction, while at the same time recognizing that further cross–examination might be of assistance to defendant. Here, as in *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), "the trial court cut off * * * all inquiry on a subject with respect to which the defense was entitled to a reasonable cross–examination. This was an abuse of discretion and prejudicial error."

The judgment and sentences are reversed; the cause is remanded for a new trial.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.