800 P.2d 725

**EMPIRE WEST COMPANIES, INC., an Arizona corporation, and FSC/Sun Village, an Arizona joint venture, Plaintiffs–Appellants,**

v.

**ALBUQUERQUE TESTING LABORATORIES, INC., a New Mexico corporation, and Professional Service Industries, Inc., a foreign corporation, Defendants–Appellees.**

No. 18606.

Supreme Court of New Mexico.

Oct. 29, 1990.

Rehearing Denied Nov. 28, 1990.

Sorenson & Schutte, P.C., Donald C. Schutte, Stephen J. Rhoades, Richard D. Barish, Albuquerque, for plaintiffs-appellants.

Sager, Curran, Sturges & Tepper, P.C., H.R. Thomas, Robert J. Perovich, Albuquerque, for defendants-appellees.

OPINION

BACA, Justice.

Empire West Companies, Inc. (Empire), plaintiff below, appeals from a judgment entered in favor of Albuquerque Testing Laboratories, Inc. (ATL) on a complaint alleging breach of contract and warranties, negligent misrepresentation, and professional malpractice in the providing of soil testing services. We affirm.

Empire, a contractor and land developer, contracted with ATL, a geotechnical company, to investigate subsurface soil conditions in connection with an apartment project, Sun Village Apartments. ATL's services included preparation of a report with recommendations regarding certain geotechnical matters. ATL had originally submitted a proposal for a $3,600 investigation, but the proposal was rejected as being too broad under the circumstances. ATL then submitted a second, more limited, proposal requiring $1,200 in expenses. The second proposal was qualified by the express assumption that the soil at the site was structural fill. The proposal was accepted, but qualified with the disclaimer that the report of structural fill was not represented as fact.

The site of the complex had consisted originally of hills and arroyos. At some time in the early 1960's, a substantial amount of dirt had been placed at the site. It is unclear whether the fill was engineered or unengineered.[1] In 1984, a large quantity of engineered fill was also placed on the site.

Empire West constructed the apartments in accordance with ATL's evaluations and recommendations. After completion of the project, several of the buildings began to show signs of structural problems caused by soil movement, and this suit was brought.

We address the following issues: (1) Whether the district court acted within its discretion by limiting cross-examination of a witness; (2) whether exclusion of certain evidence on hearsay grounds was error; (3)

---

1. Engineered fill is soil placed on a site under controlled circumstances, so that when weight is placed on it, it will settle in an acceptable manner.

whether admission of the preliminary proposal violated the parol evidence rule; and (4) whether certain findings of fact are not supported by substantial evidence or are otherwise in error.

## I. Termination of Cross–Examination Was Within Court's Discretion.

The court, after allowing several hours of cross-examination of Robert Booth, terminated the examination. Empire contends this is reversible error, arguing that, by limiting the cross-examination and precluding inquiry into legitimate, relevant, and material areas before Empire had the opportunity to substantially exercise the right to examine the witness, the district court abused its discretion. Empire correctly asserts that it must be allowed the opportunity to explore the basis of a witness' testimony and question a witness on matters that would further elucidate, explain, modify, rebut, or contradict the testimony. *See Callaway v. Mountain States Mutual Casualty Co.,* 70 N.M. 337, 373 P.2d 827 (1962); *State v. Urioste,* 94 N.M. 767, 617 P.2d 156 (Ct.App.), *cert. denied,* 94 N.M. 806, 617 P.2d 1321 (1980); SCRA 1986, 11–611(B). It then indicates a variety of areas it asserts that it intended to pursue on cross-examination and that it legitimately should have been allowed to pursue which were foreclosed by the court's termination of the examination, and it concludes that, by preventing further examination, the court committed error.

■ The scope and extent of cross-examination is a matter within the discretion of the trial court. *State v. Quintana,* 69 N.M. 51, 364 P.2d 120 (1961); *Francis v. Johnson,* 81 N.M. 648, 471 P.2d 682 (Ct. App.1970); *see* SCRA 1986, 11–611(B). The trial court's decision will not be disturbed absent an abuse of discretion. *State v. Melton,* 102 N.M. 120, 692 P.2d 45 (Ct.App. 1984). The court can exercise reasonable control over cross-examination to more effectively seek the truth and to avoid needless consumption of time. *State v. McCarter,* 93 N.M. 708, 604 P.2d 1242 (1980).

■ The right to cross-examine is valuable and may not be restricted so as to deprive a party of the right to test the credibility of a witness or to preclude elucidation of the testimony. *Callaway,* 70 N.M. at 342, 373 P.2d at 83. *Krametbauer v. McDonald,* 44 N.M. 473, 104 P.2d 900 (1940); *see Urioste,* 94 N.M. at 769–70, 617 P.2d at 158–59 (abuse of discretion to prevent inquiry into area in which defendant reasonably entitled to examine). Only after the right to cross-examination has been substantially exercised does the right to further examination become discretionary. *See State v. Talamante,* 50 N.M. 6, 165 P.2d 812 (1946).

■ We do not find an abuse of discretion here. The court allowed several hours of cross-examination, throughout which it indicated that time was a concern. It did not foreclose inquiry into any specific area, but allowed Empire latitude to pursue various issues at length. It observed the effectiveness of the cross-examination and the attorney's use of the time at his disposal. Although Empire may not have been aware that the court intended to imminently terminate the examination of Booth, our review of the record indicates that Empire should have been aware that the court was concerned with pursuing the trial in a timely manner. Moreover, the record indicates that Empire did not object in specific terms to the termination. Empire acquiesced to the court's decision, arguing only in exceedingly general terms that it had more questions without voicing its concern that it intended to go into further areas of inquiry directly relating to the direct examination, or that its case would potentially be prejudiced by preclusion of further questioning. In its Brief in Chief, Empire has articulated a long list of areas that it maintains it intended to pursue. However, it did not make these concerns known to the trial court, and the court, without assistance from Empire, had no reason to know that, by terminating the cross-examination, it precluded inquiry into those areas or potentially abridged the right to cross-examine in legitimate areas. On appeal, we will not review such an allegation of an abuse of discretion. *See State v. Martin,* 32 N.M. 48, 250 P. 842 (1926) (absent explanation by

counsel of what he expected to prove through a line of questioning, limitation by the trial court not reviewable); *see also Nichols Corp. v. Bill Stuckman Constr., Inc.*, 105 N.M. 37, 728 P.2d 447 (1986) (offer of proof essential to show error when evidence is excluded); *United States v. Martinez,* 776 F.2d 1481 (10th Cir.1985) (limit on cross-examination not preserved for appeal absent explanation of court regarding areas of inquiry); *cf. Urioste,* 94 N.M. at 770; 617 P.2d at 159 (restriction of cross-examination error when complainant objected and informed court of nature of inquiry).[2]

Nor would an offer of proof have been futile under these circumstances. Review of the record indicates that the court's concern with time constraints and its belief that further questioning of Booth would be cumulative and repetitive provided the bases for its termination of the examination. Under these circumstances, an offer of some indication to the court that Booth's testimony was critical for specific purposes, and that the substance would not be repeated by other witnesses, could well have convinced the court.[3]

■ Nor do we find that the termination of the examination rises to the level of plain error requiring reversal. *See* SCRA 1986, 11–103(D). Although under the proper circumstances, preclusion of the right to cross-examine may be plain error requiring reversal despite the lack of objection or offer of proof, here Empire had the opportunity to exercise extensively that right without substantial interference; prejudice, if it exists, is not apparent, and no substan-

2. Empire contends that an offer of proof is not required when evidence is excluded during cross-examination, arguing that it could not be charged with knowledge of the witness' testimony and that the demeanor of the witness rather than the substance of the testimony may be critical. It is true that under certain circumstances an offer of proof is not necessary during cross-examination. *See Davey v. Davey,* 77 N.M. 303, 422 P.2d 38 (1967); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Under the facts and circumstances of this case, however, it was imperative that the court be apprised of the reasons for the alleged error. Although the requirements of an offer of proof may be relaxed on cross-examination, Empire nonetheless bore the burden of bringing the reasons for its need for additional cross-examination before the court. *Martin,* 32 N.M. at 59–65, 250 P. at 847–49; *see also Saltzman v. Fullerton Metals Co.,* 661 F.2d 647, 652–53 (7th Cir.1981) (conclusory offer of proof that did not alert court to reasons for need for further questioning not basis for error); *United States v. Medel,* 592 F.2d 1305, 1314 (5th Cir.1979) (absent tender to court indicating relevancy of question on cross-examination, no error in excluding inquiry); *Lavieri v. Ulysses,* 149 Conn. 396, 405, 180 A.2d 632, 637 (1962) (if cross-examiner had given court "a bare intimation of the ground on which the [excluded] question was claimed," court would have been alerted to its purpose and most likely admitted it); *Perry v. Carter,* 332 Mass. 508, 513, 125 N.E.2d 780, 784 (1955) ("While ordinarily an offer of proof is not required on cross-examination, enough must appear to show error.").

3. Analysis of the authority provided by Empire in support of this point demonstrates why an offer of proof in this case would not have been futile, and why error cannot be predicated on the exclusion of testimony absent an offer of proof.

Empire argues that where an entire class of evidence has been excluded, an offer of proof is futile. However, the court did not exclude a class of evidence; it prevented further inquiry to hasten the trial, not because it erroneously concluded that a certain class of evidence was inadmissible. *Cf. Pacific Gas & Elec. Co. v. Zuckerman,* 189 Cal.App.3d 1113, 234 Cal.Rptr. 630 (1987) (extrinsic evidence of contract excluded through erroneous application of parol evidence rule); *Letch v. Daniels,* 401 Mass. 65, 514 N.E.2d 675 (1987) (evidence of standard of care erroneously excluded; substance apparent from context).

Empire also maintains that an offer of proof was not required where the judge has unequivocally stated that evidence would not be allowed. The error in this argument is that the court did not unequivocally exclude certain evidence—it merely, in its judgment, determined that further inquiry was not necessary. *Cf. Matter of Adoption of C.M.G.,* 656 P.2d 262 (Okla.1982) (evidence excluded based on error of law in meaning of support; substance apparent from context); *Wright v. Schulte,* 441 So.2d 660 (Fla.App. 1983) (error in not allowing witness to testify as expert), *pet. for rev. denied,* 450 So.2d 488 (Fla. 1984); *United States v. Dennis,* 843 F.2d 652 (2d Cir.1988) (cross-examination prohibited on erroneous interpretation of applicable privileges).

This precedent is inapposite to the circumstances before us. This was not a case of a judge erroneously excluding evidence based on an error of law and refusing to reconsider its ruling, nor is it a case where the substance of the excluded evidence is apparent from its context to this court, allowing us to consider its significance.

tial miscarriage of justice appears from the record.

## II. Exclusion of Hearsay Evidence was not Error.

■ The testimony of Empire's witness, Martin Vineyard, a geotechnical engineer, was disallowed on hearsay grounds. Vineyard attempted to testify regarding communications with ATL about the uncontrolled fill at the site. The witness was not sure whether he personally had spoken with ATL, or whether one of his engineers told him of the conversation.

Empire argues the conversation was not hearsay, insisting it was not offered to prove the existence of uncontrolled fill, but to show ATL's notice of that possibility. *See Glass v. Stratoflex, Inc.,* 76 N.M. 595, 417 P.2d 201 (1966); SCRA 1986, 11–801(C). The hearsay in Vineyard's testimony, however, did not involve the statement regarding the fill, but the statement that the engineer *had told* Vineyard that *he had spoken* with ATL. The testimony regarding the initial conversation between the unknown engineer and ATL was hearsay, because no one with personal knowledge of the facts was available for examination. *See The Kirk Co. v. Ashcraft,* 101 N.M. 462, 469, 684 P.2d 1127, 1134 (1984). The testimony was properly excluded on hearsay grounds.

Vineyard's uncertainty as to whether he personally spoke with ATL or was told of the conversation does not affect our decision. Under SCRA 1986, 11–602, a witness may not testify to a matter "unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The only evidence to support a finding of personal knowledge was Vineyard's statement: "I don't recall if I personally communicated the information or if one of my engineers came in and told me of the conversation." The admission of evidence is a matter within the trial court's discretion, and it was within the court's discretion to determine that Vineyard's statement did not support a finding of personal knowledge. *See The Kirk Co.,* 101 N.M. at 468, 684 P.2d at 1133. We find the court did not abuse its discretion by excluding this testimony.

## III. Parol Evidence Rule does not Bar Admission of Evidence of Prior Proposal.

■ The court admitted into evidence ATL's initial proposal for the project, which was rejected by Empire as too expensive and as too extensive in scope. The proposal was offered to show that, given the limited scope of the contract ultimately agreed to by the parties, ATL fulfilled the agreement within the appropriate standard of care.

The initial proposal is not barred by the parol evidence rule. That rule precludes the admission of prior negotiations or extrinsic evidence offered to contradict or vary the terms of a complete, integrated, written agreement. *Wilburn v. Stewart,* 110 N.M. 268, 794 P.2d 1197 (1990). However, "[e]vidence extrinsic to a written contract is properly admitted to determine the circumstances under which the parties contracted and the purpose of the contract." *Levenson v. Mobley,* 106 N.M. 399, 403, 744 P.2d 174, 178 (1987). We hold that the initial proposal, as evidence of the purpose of the contract and the scope of ATL's obligation thereunder, was properly before the court.

## IV. The Judgment.

### A. The Court Made Requisite Findings on Ultimate Facts that Supported its Conclusions of Law.

■ Empire has articulated a number of issues on which it claims the court failed to make findings of fact. The trial court must make findings only with regard to ultimate facts—those necessary to determine the issues of the case. *Curbello v. Vaughn,* 78 N.M. 489, 432 P.2d 845 (1967); SCRA 1986, 1–052(B)(1)(b). The refusal by the court to accept a requested finding is regarded on appeal as a finding against the party bearing the burden of proof on the issue at trial. *Pucci Distributing Co. v. Nellos,* 110 N.M. 374, 796 P.2d 595 (1990).

Our review of the court's findings and conclusions indicates that adequate findings were made as to ultimate issues, and we hold that there was no error in this regard.

### B. The Judgment is Supported by Substantial Evidence.

To determine whether a finding of fact is supported by substantial evidence, we view the evidence in a light most favorable to support the finding, indulging the trial court's decision with all reasonable inferences. *Tyrpak v. Lee*, 108 N.M. 153, 768 P.2d 352 (1989). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Register v. Roberson Constr. Co.*, 106 N.M. 243, 741 P.2d 1364 (1987).

Empire has presented several substantial evidence issues. Initially it complains that Test Boring No. 8 was not drilled to the requisite depth. Our review indicates that ATL noted in its report that the boring was only fourteen feet, and this was accepted by Empire, constituting a waiver of the exact specification. *See Kirkpatrick v. McMillan*, 49 N.M. 100, 157 P.2d 772 (1945). Evidence also supports the conclusion that, under the circumstances, ATL's performance met industry standards for performance of this type of specifications.

The agreement also required ATL to obtain copies of certain tests. The evidence indicates that review of these documents allows a reasonable conclusion that they did not indicate unengineered fill.

The contract requires certain tests to be performed *as applicable*. The record supports a conclusion that, in ATL's professional judgment, it performed the necessary tests within the scope of work.

Empire further attacks findings made regarding its own negligence. Empire's negligence was not at issue, and these claims cannot be dispositive of any breach of duty by ATL.

Accordingly, our review of the record indicates that there was substantial evidence. in the record to support the court's conclusions of law.

### C. The Court Exercised Independent Judgment.

A reading of the authority cited by Empire indicates that, under certain circumstances, a verbatim adoption of a party's proposed findings of facts and conclusions of law may indicate that the court failed to use its independent judgment. *See Green v. General Accident Ins. Co. of America*, 106 N.M. 523, 746 P.2d 152 (1987) (court's adoption by number reference of parties' proposed findings); *Pattison Trust v. Bostian*, 90 N.M. 54, 559 P.2d 842 (Ct. App.1976) (court ordered prevailing party to prepare court's findings and conclusions), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977). The court below, however, did not adopt defendant's proposed findings and conclusions verbatim. Moreover, we require some greater indication that the court abdicated its judicial responsibility before finding error. *In re Hamilton*, 97 N.M. 111, 637 P.2d 542 (1981). Accordingly, we hold that the court properly exercised its judgment in adopting its findings of facts and conclusions of law.

Having found Empire's individual assertions of error to be meritless, we find no merit in its assertion of cumulative error.

In accordance with the foregoing, we AFFIRM the judgment of the district court.

IT IS SO ORDERED.

SOSA, C.J., and WILSON, J., concur.