This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSE RODRIGUEZ JR.,**

 Plaintiff-Appellee,

v.             **NO. 34,232**

**CARLOS VALDEZ and**
**MARIA VALDEZ,**

 Defendants-Appellants,

Consolidated with

**IN THE MATTER OF THE ESTATE OF**
**JOSE M. RODRIGUEZ, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Lopez, Dietzel & Perkins, PC
William John Perkins
Sliver City, NM

for Appellee

The Simons Firm, LLP
Daniel H. Friedman
Faith Lesley Kalman Reyes
Santa Fe, NM

Frederick H. Sherman

Deming, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendants-Appellants Carlos Valdez and Maria Rodriguez Valdez (collectively referred to as "Daughter") appeal the district court's order setting aside the will of their father, Jose M. Rodriguez, Sr. ("the Deceased"). [DS 2] This Court issued a calendar notice proposing to affirm. Daughter has filed a memorandum opposing this Court's proposed disposition, and has moved to amend the docketing statement. Daughter's motion to amend the docketing statement is denied, and having given due consideration to Daughter's arguments in opposition, we affirm.

**A. Motion to Amend Docketing Statement**

{2}     As an initial matter, Daughter moves to amend the docketing statement to "assist the [C]ourt in more fully understanding the issues on appeal, justify placing this appeal on the [g]eneral [c]alendar, [and] eliminate certain appellate issues set forth in the original [d]ocketing [s]tatement[.]" [MIO 13] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were

2

properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause or excuse by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309.

{3}     In the present case, Daughter does not seek to add an issue that was not raised in the docketing statement. Accordingly, we deny Daughter's motion to amend the docketing statement. *See generally State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (explaining that we deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable).  To the extent Daughter seeks to add additional facts or legal arguments in support of her issues that were not provided in the docketing statement, [MIO 13] we consider this information in the context of Daughter's issues as part of Daughter's memorandum in opposition.

{4}     We next address Daughter's argument in her memorandum in opposition that this case should be placed on the general calendar because a thorough review of the transcripts is required for this Court to obtain a full picture of the facts. [MIO 1–2] We disagree. "It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review." *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. In cases assigned to the summary calendar, the docketing statement serves as "an adequate alternative to a complete transcript of

proceedings[,]" unless the assertions of the docketing statement are contradicted by the record. *Id.* Under Rule 12-208 NMRA, it is trial counsel's responsibility to provide this Court with a full picture of the facts. Rule 12-208 sets forth the information that must be included in the docketing statement, including "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented[.]" Rule 12–208(D)(3). If this Court believes the facts that are contained in the docketing statement or contained in the record are sufficient to enable us to resolve the issues raised on appeal, we will assign the case to the summary calendar, which we did in this case. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341. We have determined that we can resolve this case on the summary calendar, and accordingly, we proceed below to address the arguments in Daughter's memorandum in opposition.

**B. Sufficiency of Evidence (Issues A, C, D, F, and H)**

{5}    Daughter maintains that there is insufficient evidence to support the district court's determination that the Deceased lacked testamentary capacity to execute a will. [MIO 2–6; DS 21–23, 26–27] In support of her contention, Daughter asserts that the testimony of Felix Jaramillo, a former attorney and witness to the signing of the Deceased's will, establishes that the Deceased was in a period of lucidity at the time he signed his will. [MIO 1–3] In this Court's notice of proposed summary disposition,

4

we pointed out that sufficient evidence was presented, in the form of testimony from Dr. Jennifer Agosta, the Deceased's personal physician, as well as from Martha Noel, another daughter of the Deceased, to indicate that Deceased had decreased cognitive function, and to support the district court's finding that the Deceased lacked testamentary capacity to execute a will. [CN 2–4]

{6} We note, as an initial matter, that contrary to Daughter's assertion, [MIO 2–3] Mr. Jaramillo's testimony does not establish that the Deceased experienced a lucid interval. [MIO 3] Mr. Jaramillo's testimony merely states his opinion that, at the time of the execution of the will, the Deceased understood what he was doing. [MIO 3] Nevertheless, even if Mr. Jaramillo's testimony could be viewed to support the proposition that the Deceased experienced lucid intervals, the district court was entitled to weigh Mr. Jaramillo's testimony, along with the rest of the testimony—namely the opinion of Dr. Agosta, the CT scan results, and the testimony of Martha Noel—when making its determination about the Deceased's testamentary capacity. The district court was in the best position to weigh the credibility of all of the witness and determine whether or not the will contestant (in this case, Jose Rodriguez, Jr. ("Son")) met his burden of proof to establish the Deceased's lack of testamentary capacity by clear and convincing evidence. *Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109 (stating that, on appeal, our Court

5

defers to the district court's assessment of witness credibility and resolution of conflicting evidence, viewing the evidence in the light most favorable to the prevailing party and disregarding any evidence and inferences to the contrary); *see* NMSA 1978, § 45-3-407 (1975) ("Contestants of a will have the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake or revocation."). Accordingly, we affirm.

**C. Cross-Examination of Dr. Agosta (Issue E)**

{7}     Daughter continues to assert that the district court erred by refusing to allow cross-examination of a witness (Dr. Agosta) for a second time, after the district asked clarifying questions, for the asserted reason that Dr. Agosta changed her position regarding the Deceased's testamentary capacity. [MIO 7; DS 24; RP v.2/158, 198] Our notice observed that the district court's questions were of a clarifying nature, and because Daughter already had the opportunity to cross-examine Dr. Agosta, any further cross-examination was discretionary with the district court. [CN 7] In her memorandum in opposition, Daughter states that the district court's questions were not of a clarifying nature, [MIO 7] but raised a new issue that warranted further cross-examination by Daughter's attorney. [MIO 9]

{8}     We are unpersuaded that Dr. Agosta's prior testimony was inconsistent with her response to the district court's questions. The questioning of Dr. Agosta up until that

6

point [MIO 4–5] indicated that Dr. Agosta thought that, in 2011, the Deceased had age-associated cognitive changes. [MIO 5] When Dr. Agosta was asked by Son's attorney directly for her opinion as to the Deceased's capacity to execute a will, she stated that she had no reason to think that the Deceased possessed the required capacities. [MIO 4] When the district court re-asked the question, Dr. Agosta gave a differently-worded response that maintained the same position that she previously had taken. The district court's question did not delve into subject matter that had not already been explicitly examined by the parties, and Dr. Agosta did not change her position. Accordingly, we conclude that the district court did not abuse its discretion by not allowing Daughter's attorney to conduct additional cross-examination of Dr. Agosta. *See Empire W. Companies, Inc. v. Albuquerque Testing Laboratories, Inc.*, 1990-NMSC-096, ¶ 8, 110 N.M. 790, 800 P.2d 725 (explaining that "after the right to cross-examination has been substantially exercised[,]. . . the right to further examination become[s] discretionary").

**D. Cross-Examination of Felix Jaramillo (Issue G**)

{9}     Daughter continues to argues that the district court improperly permitted Son's attorney to cross-examine a witness, Felix Jaramillo, with respect to a disciplinary complaint with the New Mexico Bar. [MIO 10] Daughter argues that the line of questioning about the disciplinary complaint was inappropriate because "counsel's

7

questions shed no light on Mr. Jaramillo's truthfulness or untruthfulness, a necessary requirement of [Rule 11-608 NMRA]." [MIO 11] Further, Daughter argues that as a result of the improper admission of Mr. Jaramillo's statement that he resigned from the practice of law due to disciplinary actions, the district court erroneously discounted Mr. Jaramillo's testimony about the Deceased's mental capacity at the time of the execution of his will. [MIO 12]

{10} We are unpersuaded. The memorandum in opposition indicates that Son's attorney discontinued his questioning of Mr. Jaramillo upon Mr. Jaramillo's statement that he voluntarily resigned from the practice of law, at which point it became evident that the New Mexico Bar did not specifically find Mr. Jaramillo to have committed an act of untruthfulness. [MIO 11] *See* Rule 11-608 NMRA (permitting, on cross-examination, inquiry into specific instances of a witness' conduct if they are probative of the witness' character for truthfulness). Because the district court needed to hear some information about the nature of the disciplinary proceeding, and whether it resulted in any finding of untruthfulness, in order to determine whether such inquiry was even admissible, we see no error. *See State v. Pickett*, 2009-NMCA-077, ¶ 13, 146 N.M. 655, 213 P.3d 805 (explaining that in a bench trial, "we generally presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have

8

relied upon the improper evidence in rendering a decision" (internal quotation marks and citation omitted)).

**{11}** However, even assuming that this line of cross-examination was improper, there is nothing to indicate that the district court inappropriately used this information in making its ultimate findings. *See id.* Although Daughter argues that the district court's finding that "Defendants provided *no evidence* sufficient to rebut Dr. Agosta's evaluation of [the Deceased's] diminished mental capacity due to dementia/age-associated cognitive impairment" indicates that the district court improperly discounted Mr. Jaramillo's testimony about the Deceased's testamentary capacity, [MIO 12 (emphasis in original)] we disagree. It was within the district court's purview to consider Mr. Jaramillo's testimony, along with all of the other testimony presented, and assign relative weight and credibility to all of the testimony, to determine that Daughter did not provide testimony *sufficient to rebut* that given by Dr. Agosta. *Chapman v. Varela*, 2009-NMSC-041, ¶ 5 (stating that, on appeal, our Court defers to the district court's assessment of witness credibility and resolution of conflicting evidence, viewing the evidence in the light most favorable to the prevailing party and disregarding any evidence and inferences to the contrary). We affirm.

**{12}** Lastly, we note that Daughter specifically abandons issues B, I, and J, relating to notice, telephonic testimony, and fraud on the court, and as such, we do not address

these issues. [MIO 13] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (holding that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

{13}     In sum, we affirm for the reasons stated above and in this Court's notice of proposed disposition, and deny Daughter's motion to amend the docketing statement.

{14}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**