This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ROLAND LUCERO and R & L**
**STRAIGHTLINE TILE, LLC a/k/a**
**R & L STRAIGHTLINE TILE,**

    Plaintiffs-Appellees,

v.                                                    **NO. A-1-CA-35171**

**RICHARD SUTTEN,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Law Office of Daymon B. Ely
Daymon B. Ely
Albuquerque, NM

William Gilstrap
Albuquerque, NM

for Appellees

James C. Ellis, Attorney at Law, P.C.
James C. Ellis
Corrales, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** In this second appeal in this legal malpractice case, attorney Richard Sutten (Defendant), appeals a judgment entered against him finding him thirty-five percent liable for losses suffered by his client, Roland Lucero (Plaintiff), in a real estate venture. Defendant argues that liability should not have been imposed on him where there is no supportable finding that his negligence was a cause of Plaintiff's losses. We agree and reverse.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we reserve discussion of the pertinent facts for our analysis.

**DISCUSSION**

**{3}** Legal malpractice plaintiffs "have the burden of showing not only negligence on the part of their attorney but also that their damages were proximately caused by that negligence." *Akutagawa v. Laflin, Pick & Heer, P.A.*, 2005-NMCA-132, ¶ 11, 138 N.M. 774, 126 P.3d 1138 (internal quotation marks and citation omitted); *see Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 8, 310 P.3d 611 ("The elements of legal malpractice are: (1) the employment of the defendant attorney; (2) the defendant attorney's neglect of a reasonable duty; and (3) the negligence resulted in and was the

proximate cause of loss to the client." (alteration, internal quotation marks, and citation omitted)). "[E]vidence must be adduced to support each element necessary to support a claim." *Lucero v. Lucero*, 1994-NMCA-128, ¶ 21, 118 N.M. 636, 884 P.2d 527, *superseded by statute on other grounds as stated in Chapman v. Varela*, 2009-NMSC-041, ¶ 21, 146 N.M. 680, 213 P.3d 1109. Causation[1] is generally a matter to be determined by the fact-finder. *See Galvan v. City of Albuquerque*, 1973-NMCA-049, ¶ 12, 85 N.M. 42, 508 P.2d 1339 ("Where reasonable minds may differ on the question of proximate cause, the matter is to be determined by the fact[-] finder."). "This Court does not reweigh the evidence on appeal and is bound by the trial court's findings of fact unless they are demonstrated to be clearly erroneous or not supported by substantial evidence." *Doughty v. Morris*, 1994-NMCA-019, ¶ 9, 117 N.M. 284, 871 P.2d 380 (internal quotation marks and citation omitted). Pursuant to Rule 1-052 NMRA, in a bench trial, "the judgment must be supported by findings, which in turn must be supported by substantial evidence." *First W. Sav. & Loan Ass'n v. Home Sav. & Loan Ass'n*, 1972-NMCA-083, ¶ 10, 84 N.M. 72, 499 P.2d 694 (internal quotation marks and citation omitted).

---

[1]Our Supreme Court in 2005 eliminated use of the word "proximate" for all Uniform Jury Instructions that before then formally referred to "proximate cause." UJI 13-305 NMRA, Use Note. The instruction is now called "causation" and encompasses elements of both "cause in fact" and "proximate cause." *Id.*

{4}     Here, the original finder of fact—the district court judge who presided over the bench trial—found that "[a]lthough [Defendant's] actions fell below the standard of care for an attorney similarly situated, that conduct was not the cause of Plaintiff['s] losses." Plaintiff, who did not challenge that finding in the first appeal, concedes that the district court "did find that [Defendant's] negligence was not the cause of . . . Plaintiff['s] losses" but contends that the district court made that finding "only because there was an 'independent intervening force[.'] " Plaintiff ostensibly reasons that as such and in light of this Court's opinion in *Lucero v. Sutten*, 2015-NMCA-010, ¶ 13, 341 P.3d 32, which held that the district court "should not have considered the doctrine of independent intervening cause[,]" the remand court was not bound by the district court's finding of no causation. The remand court apparently agreed with Plaintiff and disagreed with Defendant, who—contending that the district court's ruling on independent intervening cause was ancillary to its broader ruling of no causation—argued that the remand court "ha[d] to" find no causation based on the district court's earlier finding of no causation.

{5}     Even assuming arguendo that the district court's finding of no causation was not binding on the remand court because it was exclusively and, therefore, erroneously based on the district court's misapplication of the doctrine of independent intervening cause—a matter of which we are not convinced but conclude we need not

4

resolve—there remains the question of whether there is a supported finding, or even evidence that could support the remand court's finding of causation, in Plaintiff's favor on the essential element of causation. Plaintiff argued on remand that "the issue of causation has been established" and that the only issue for the remand court to decide was "what damages does [Plaintiff] have, what is the percentage of fault of the actors that were involved[.]" While Plaintiff stated, "We think causation has been established by [the district court's] decision," Plaintiff neither identified which finding or findings of the district court's decision purportedly "established" causation nor pointed to any evidence in the record that would form the basis of a finding of causation. Nor did Plaintiff seek an opportunity in the remand court to present evidence which could support a factual determination of causation; instead, Plaintiff stipulated entirely to the existing district court trial record. Plaintiff also did not ask the remand court to reject, reverse, or in any way modify any of the district court's prior findings, including its finding of no causation that preceded its flawed application of the doctrine of independent intervening cause.

**{6}** In its final order, the remand court adopted wholesale the district court's letter decision, findings, and conclusions "to the extent they are not inconsistent with" *Lucero*. It explained that "[t]he unchallenged factual findings in this case, prior to appeal, were binding on the appellate court, and on remand represent the established

facts in this case." The remand court neither discussed nor rejected the district court's earlier finding that "[a]lthough [Defendant's] actions fell below the standard of care for an attorney similarly situated, that conduct was not the cause of Plaintiff['s] losses." It also did not enter its own finding of causation but instead stated in its conclusions of law that Plaintiff's loss was "due, at least in part, to[,]" and was "a proximate result of" Defendant's actions. Given the absence of any findings of fact as to causation by the remand court, we are left to assume that it agreed with Plaintiff about two things: first, that the district court's finding of no causation was somehow inconsistent with *Lucero* and, therefore, not binding as to the preexisting record before the remand court; and second, that somewhere within the district court's findings was a sufficiently supported finding of causation of the sort needed to support the imposition of liability on Defendant. We thus carefully consider the basis for Plaintiff's contention that the district court "found that there was a causal connection between [Defendant's] professional negligence and . . . Plaintiff['s] damages."

{7}    According to Plaintiff, there are two aspects of the district court's letter decision and findings that support his argument that the district court's decision "established" causation in his favor. First, Plaintiff argues that the district court "recognized that there were three contributing factors to Plaintiff['s] losses: (1) the lure of a $60,000.00 profit in [twenty] days[;] (2) [Plaintiff's] reliance on his friend, Mark Brady; and (3)

6

the attorney 'seal of approval[.']" Second, and only parenthetically, Plaintiff points to the district court's statements in its letter decision that Defendant's "conduct was only one factor in Plaintiff['s] decision" to invest and its characterization of the connection between Defendant's negligence and Plaintiff's losses as "partial at best" as being further evidence of an affirmative finding of causation by the district court. From this and nothing more, Plaintiff concludes, "Thus, [the district court] did find a causal connection between [Defendant's] negligence and Plaintiff['s] damages." Plaintiff then contends that the remand court, by adopting the district court's findings, also "determined that [Defendant's] negligence was a cause of . . . Plaintiff['s] damages." We are not persuaded.

**{8}** In New Mexico, a negligent act or omission is considered a "cause" of an injury or harm "if it contributes to bringing about the injury, if the injury would not have occurred without it, and if it is reasonably connected as a significant link to the injury." *Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶ 34, 138 N.M. 189, 118 P.3d 194; *see* UJI 13-305 NMRA. Plaintiff develops no argument, provides no analysis, and cites no authority to support his contention that the relied-upon portions of the district court's decision—specifically the finding that "[Defendant's] actions gave the . . . [note] the attorney 'seal of approval' "—are sufficient to establish the causation element of his claim under New Mexico law. This Court is not bound by a

party's unsupported assertions and has no duty to review an argument that is not adequately developed. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim).

**{9}** Moreover, we note that based on Plaintiff's own contention at trial, the issue of causation came down to whether the district court believed Plaintiff's testimony that he would not have gone through with the investment but for Defendant's negligent advice, not whether Defendant had negligently given the note the "attorney seal of approval." Specifically, Plaintiff told the district court that if it found that "[Plaintiff] would not have invested" had Defendant expressed his concerns about the deal—specifically the fact that the note was not secured and that Plaintiff did not have a deed of trust in hand when Plaintiff signed the note—"then [Plaintiff is] entitled to his $300,000 back[.]" Plaintiff's expert witness also testified that the issue of causation would come down to a credibility determination by the fact-finder as to "whether [the fact-finder] believes [Plaintiff] when [Plaintiff] says, 'I would have

8

walked away if this lawyer had told me this stuff.' " Thus, in light of Plaintiff's own acknowledgment of what it had to prove to establish causation, a finding that "[Defendant's] actions gave the [note] the attorney 'seal of approval' " could not and does not, alone, establish causation absent a commensurate finding that but for the negligently given "seal of approval" Plaintiff would not have invested.

**{10}** Indeed, Plaintiff proposed two such findings, both of which the district court rejected. Specifically, Plaintiff proposed a finding that "[Plaintiff] would not have made the loan if [Defendant] had warned him that it was not a secured transaction." Plaintiff also asked the district court to find that "[r]elying on the advice of his attorney, . . . [Plaintiff] loaned $300,000 to the development." The district court refused to make either finding, which this Court regards as findings against Plaintiff on the issue of causation. *See Empire W. Cos., Inc. v. Albuquerque Testing Labs., Inc.*, 1990-NMSC-096, ¶ 17, 110 N.M. 790, 800 P.2d 725 ("The refusal by the court to accept a requested finding is regarded on appeal as a finding against the party bearing the burden of proof on the issue at trial."). Those findings—undisturbed by *Lucero* and that Plaintiff did not ask the remand court to reconsider and reverse—stood on remand and are evidence that the district court did *not* find that Plaintiff met his burden of proving that Defendant's negligence caused Plaintiff's losses. In other words, the record as a whole reveals that the district court did not believe Plaintiff's

claim that he would have "walked away" from the deal, meaning that the district court was not convinced that Plaintiff had met his burden on establishing the element of causation.

{11}    Given the district court's disbelief of Plaintiff's testimony that Plaintiff relied on to establish causation, no fact existed in the record established prior to the first appeal to support a finding of causation. On remand, and in light of the parties' stipulation to the existing record, it was incumbent upon Plaintiff to seek reversal of the district court's prior determination of no causation and/or the adoption of additional findings sufficient to support a finding of causation. Plaintiff did neither, instead relying—mistakenly, we believe—on his belief that the district court's original decision contained a legally sufficient finding of causation. Because we conclude it did not and because the remand court's decision provides no other basis for supporting a finding causation, we hold that the remand court erred in imposing liability on and entering judgment against Defendant.

**CONCLUSION**

{12}    For the foregoing reasons, we reverse the remand court's judgment and remand for entry of judgment in favor of Defendant.

{13}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

10

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**